Per Curiam.
{¶ 1} In this expedited election case, relator, David B. Duclos, seeks a writ of prohibition against respondents, the Hamilton County Board of Elections and its members, Timothy M. Burke, Alex M. Triantafilou, Caleb Faux, and Charles H. Gerhardt III,’to remove the name of Gary W. Lee from the March 15, 2016 primary ballot as a candidate for sheriff. We hold that Duclos’s petition is barred by laches, and accordingly, we deny the writ.

Background

{¶ 2} On December 1, 2015, Lee filed his petition and declaration of candidacy at the board of elections. As part of his filing, he submitted a letter from Judge Robert Winkler, Hamilton County Common Pleas Court administrative judge, to the director of the board of elections, which indicated:
[Lee’s] fingerprints have been taken at my direction and he has been the subject of a search of local, state, and national fingerprint files to disclose any criminal record. Enclosed please find copies of the correspondence I have received from the respective agencies indicating no disqualifying criminal record on file.
Along with Judge Winkler’s letter, Lee submitted the result sheets of fingerprint searches from the Hamilton County Regional Crime Information Center and the Ohio Bureau of Criminal Investigation (“BCI”). However, contrary to the statement in Judge Winkler’s letter, a fingerprint-search result sheet from the Federal Bureau of Investigation (“FBI”) was not attached, and thus not submitted to the board of elections.
*255 {¶ 3} Lee’s paperwork also included a journal entry signed by Judge Winkler. In the entry, Judge Winkler made findings that fingerprint searches by the FBI and BCI did not disclose any disqualifying criminal convictions and that Lee was eligible to be a candidate for the office of Hamilton County Sheriff.
{¶ 4} On January 4, 2016, Duelos filed a written protest with the board of elections. He alleged that Lee’s application was incomplete because it failed to include the result sheet of an FBI background check.
{¶ 5} The board of elections conducted a protest hearing on January 11, 2016. In the course of that hearing, the report from the FBI, showing no relevant convictions, was entered into evidence. That same day, the board denied the protest by a vote of four to zero.
{¶ 6} On January 14, 2016, Duelos, through counsel, filed a mandamus complaint in this court. Duclos v. Hamilton Cty. Bd. of Elections, case No. 2016-0052. But five days later (two business days), on January 19, 2016, he filed an application to dismiss that action because it sought the wrong relief and filed a new complaint for a writ of prohibition.
{¶ 7} Respondents and Lee, as an amicus curiae, argue that Duelos unreasonably delayed bringing this action to their prejudice. We agree.

Laches

{¶ 8} Laches may bar relief in an election-related matter if the person seeking relief fails to act with the “ ‘utmost diligence.’ ” State ex rel. Monroe v. Mahoning Cty. Bd. of Elections, 137 Ohio St.3d 62, 2013-Ohio-4490, 997 N.E.2d 524, ¶ 30, quoting State ex rel. Fuller v. Medina Cty. Bd. of Elections, 97 Ohio St.3d 221, 2002-Ohio-5922, 778 N.E.2d 37, ¶ 7. While a laches defense rarely prevails in election cases, we hold that the defense applies in this case because of Duclos’s failure to act with any diligence whatsoever.
{¶ 9} Lee’s candidacy was ripe for protest on December 1, 2015, when he filed his allegedly incomplete paperwork. But Duelos waited over a month, until January 4, 2016, to file his protest. According to Duelos, he did not discover the omission of the FBI report until December 16, 2016, when he examined Lee’s filing. But he does not explain why he waited two weeks to check the filing.
{¶ 10} In his reply brief, he suggests that his protest was triggered not by Lee’s filing but by the board’s decision to certify Lee for the ballot on December 21, 2015. But even using that date as the starting point, and even allowing for some delay over the holidays, Duelos does not explain why he waited two weeks to file his protest. And after the board rendered its decision, Duelos caused additional delay by dismissing his first lawsuit in favor of a second.
{¶ 11} In all, at least six weeks elapsed between the filing of Lee’s application and the commencement of suit in this court. Only one of those weeks was *256 attributable to the board of elections. This delay has had two serious consequences. First, had Duelos acted promptly when Lee filed his application, the board could have adjudicated the protest and Duelos would have had ample time to consult with counsel and file suit in this court before December 16, 2015, the 90th day before the date of the election. In other words, the delay caused this case to become an expedited election case, which constitutes prejudice for purposes of laches. State ex rel. Willke v. Taft, 107 Ohio St.3d 1, 2005-Ohio-5303, 836 N.E.2d 536, ¶ 18.
{¶ 12} Second, and of greater seriousness, Uniformed and Overseas Citizens Absentee Voting Act absentee ballots became available on Saturday, January 30, 2016. Because Duelos failed to act with appropriate speed, voting in the contested primary has begun with the matter still unresolved and, therefore, with the possibility of disqualification still hanging over Lee’s candidacy.
{¶ 13} “The elements of laches are (1) unreasonable delay or lapse of time in asserting a right, (2) absence of an excuse for the delay, (3) knowledge, actual or constructive, of the injury or wrong, and (4) prejudice to the other party.” State ex rel. Polo v. Cuyahoga Cty. Bd. of Elections, 74 Ohio St.3d 143, 145, 656 N.E.2d 1277 (1995). We hold that all the elements of laches are present in this case. Given this disposition, we offer no comment on the other legal arguments raised by the parties.

Conclusion

{¶ 14} We deny Duclos’s petition for a writ of prohibition on the grounds of laches.
Writ denied.
O’Connor, C.J., and O’Donnell, Lanzinger, and French, JJ., concur.
Pfeifer and Kennedy, JJ., concur in judgment only.
O’Neill, J., concurs separately in judgment only.