**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Jones v. Husted,* Slip Opinion No. 2016-Ohio-5681.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2016-OHIO-5681

THE STATE EX REL. JONES ET AL. *v.* HUSTED ET AL.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Jones v. Husted,* Slip Opinion No. 2016-Ohio-5681.]**

*Elections—Mandamus—County-charter petition—R.C. 307.94 provided an adequate remedy in the ordinary course of the law—Writ denied.*

(No. 2016-1164—Submitted August 30, 2016—Decided September 6, 2016.)

IN MANDAMUS.

————————————

**Per Curiam.**

{¶ 1} This is an election case in which relators seek a writ of mandamus requiring respondents, Secretary of State Jon Husted and the Medina County Board of Elections, to place a proposed charter for Medina County on the ballot at the November 8, 2016 general election. We conclude that relators are not entitled to the writ, because they had an adequate remedy at law. Under R.C. 307.94, they

could have requested that the board of elections file an action before the common pleas court to establish the validity of their petition.

### *Factual background*

**{¶ 2}** The charter-petition committee, which included relators, Katharine S. Jones, Elizabeth A. Jarrell, Lynn Kemp, Georgia Kimble, and Emilie Ann Judy, filed a petition with the Medina County Board of Elections proposing the adoption of a county charter under Article X, Section 3 of the Ohio Constitution and R.C. 307.94. On July 11, 2016, the director of the board of elections reported that the petition contained a sufficient number of valid signatures. The board then voted on whether to certify the proposed charter petition to the board of county commissioners, which resulted in a two-to-two tie. On July 14, the board submitted the tie vote to the secretary of state for final determination pursuant to R.C. 3501.11(X).

**{¶ 3}** The secretary of state decided the tie vote on August 2, 2016. In his decision, Secretary Husted broke the tie against the motion to certify the proposed charter petition to the county commissioners, based on his conclusion that the proposed charter does not provide for the performance of all duties imposed on county officers by general law and does not establish a structural change in the county government and is therefore invalid.

### *Procedural history*

**{¶ 4}** On August 9, relators initiated this action as an expedited election matter pursuant to S.Ct.Prac.R. 12.08, which provides an expedited procedure for election cases "filed within ninety days prior to the election." Because the action was filed 91 days before the general election, we granted the secretary of state's motion to reclassify the complaint as a non-expedited case, but we ordered briefing to continue under the expedited timeframe. ___ Ohio St.3d ___, 2016-Ohio-5396, ___ N.E.3d ___.

*Analysis*

**{¶ 5}** Article X, Section 3 of the Ohio Constitution requires a county charter to set forth certain information:

> Every such charter shall provide the form of government of the county and shall determine which of its officers shall be elected and the manner of their election. It shall provide for the exercise of all powers vested in, and the performance of all duties imposed upon counties and county officers by law.

**{¶ 6}** We have previously determined that it is within the secretary of state's discretion to determine whether a proposed county charter is invalid on the ground that it does not set forth the form of government, "which is the sine qua non of a valid charter initiative." *State ex rel. Walker v. Husted*, 144 Ohio St.3d 361, 2015-Ohio-3749, 43 N.E.3d 419, ¶ 24.

**{¶ 7}** The secretary of state contends that the proposed Medina County charter is invalid because it does not set forth all the powers and duties imposed on the county and its officers and provide for their exercise. He further alleges that the charter is insufficient because it does not alter the form of county government to provide for a county executive but instead proposes to retain the offices and structures established in statutory law.

**{¶ 8}** Relators claim that the charter proposal meets the requirements of Article X, Section 3 because it sets forth a form of government and provides for the assumption and exercise of all powers of county government. They further contend that there is no requirement that a county charter provide for a county executive and argue that the secretary of state exceeded his ministerial authority to review the petition.

**{¶ 9}** We need not reach the merits of these arguments, because relators have failed to establish that they meet all the requirements to obtain a writ of mandamus. For a writ to issue, relators must "establish a clear legal right to the requested relief, a corresponding clear legal duty on the part of the secretary of state to provide it, and the lack of an adequate remedy in the ordinary course of the law." *State ex rel. Heffelfinger v. Brunner*, 116 Ohio St.3d 172, 2007-Ohio-5838, 876 N.E.2d 1231, ¶ 13.

**{¶ 10}** The secretary of state maintains that relators fail the third portion of the test—the lack of an adequate remedy in the ordinary course of the law. We agree. R.C. 307.94 provided relators with an adequate means to challenge the board's decision:

> If the petition is certified by the board of elections to be invalid or to have insufficient valid signatures, or both, the petitioners' committee may protest such findings or solicit additional signatures as provided in section 307.95 of the Revised Code, or both, or request that the board of elections proceed to establish the validity or invalidity of the petition and the sufficiency or insufficiency of the signatures in an action before the court of common pleas in the county.

**{¶ 11}** The secretary of state resolved the tie vote of the board under R.C. 3501.11(X), resulting in a determination by the board that the petition was invalid. Relators then had two statutory procedures through which they could have challenged the board's decision: (1) a protest of the board's decision before the secretary of state under R.C. 307.95 or (2) a request that the board bring an action in the common pleas court to establish the validity of the petition—which action must then be brought within three days—under R.C. 307.94.

**{¶ 12}** Relators argue that filing a protest of the board's decision when, as here, the secretary of state cast the tie-breaking vote is an insufficient remedy, because a protest must be heard and decided by the secretary of state. They claim that protesting the secretary's tie-breaking vote to the secretary would be "illogical and redundant."

**{¶ 13}** However, filing a protest that would be decided by the secretary of state was not their only alternative. Relators had, but failed to avail themselves of, an alternate procedure. Pursuant to R.C. 307.94, they could have requested that the board bring an action in the common pleas court to establish the validity of the petition. Instead, they filed the instant action seeking extraordinary relief.

**{¶ 14}** Because there was an adequate remedy in the ordinary course of the law through which relators could have challenged the board's decision, we conclude that they are not entitled to a writ of mandamus.

Writ denied.

O'CONNOR, C.J., and LANZINGER, KENNEDY, and O'NEILL, JJ., concur.

PFEIFER, J., concurs in judgment only, with an opinion.

O'DONNELL, J., concurs in judgment only.

FRENCH, J., concurs in judgment only and would deny the writ on the authority of *State ex rel. Walker v. Husted*, 144 Ohio St.3d 361, 2015-Ohio-3749, 43 N.E.3d 419.

_____

**PFEIFER, J., concurring in judgment only.**

**{¶ 15}** In my view, the charter petition at issue fails to even come close to being a legitimate effort to create a charter form of county government. For legitimate examples, relators could consult the Cuyahoga County and Summit County charters.

_____

James Kinsman and Terry J. Lodge, for relators.

Michael DeWine, Attorney General, and Nicole M. Koppitch and Steven T. Voigt, Assistant Attorneys General, for respondent Secretary of State Jon Husted.

Dean Holman, Medina County Prosecutor, and William L. Thorne, Brian M. Richter, and Lee R. Potts, Assistant Prosecuting Attorneys, for respondents Medina County Board of Elections and its members.

The Law Firm of Curt C. Hartman and Curt C. Hartman, urging denial of the writ for amici curiae Michael K. Baach, Northern Medina County Chamber Alliance, Greater Medina Chamber of Commerce, Medina County Economic Development Corporation, and Wadsworth Area Chamber of Commerce.

Porter, Wright, Morris & Arthur, L.L.P., L. Bradfield Hughes, and Kathleen M. Trafford, urging denial of the writ for amici curiae Ohio Chamber of Commerce, Affiliated Construction Trades Ohio Foundation, and the American Petroleum Institute.

McTigue & Colombo, L.L.C., and Donald J. McTigue, urging denial of the writ for amici curiae Affiliated Construction Trades Ohio Foundation and the American Petroleum Institute.

Dinsmore & Shohl, L.L.P., Thomas A. Luebbers, and Michael T. Dean, urging denial of the writ for amicus curiae County Commissioners Association of Ohio.

Chad A. Endsley, Leah F. Curtis, and Amy M. Milan, urging denial of the writ for amici curiae Ohio Farm Bureau Federation and Medina County Farm Bureau.

_____