Kennedy, J., dissenting.
{¶ 29} Because we have never decided an election case based solely on a holding that having to defend the action on an expedited basis is per se prejudicial, and because there is no equity in denying the preeminent constitutional right of referendum when the respondent has not shown actual, material prejudice from any delay, I dissent.
*35 {¶ 30} "Expedited-election cases 'implicate the rights of electors underlying the statutory time limits of R.C. 3505.01 and 3509.01.' " Blankenship v. Blackwell , 103 Ohio St.3d 567, 2004-Ohio-5596, 817 N.E.2d 382, ¶ 26, quoting State ex rel. Ascani v. Stark Cty. Bd. of Elections , 83 Ohio St.3d 490, 494, 700 N.E.2d 1234 (1998). We have therefore promulgated S.Ct.Prac.R. 12.08 to require the expedited briefing of election cases that are filed within 90 days of the election in order to allow us to resolve these cases promptly and ensure that the statutory time limits for preparing and mailing ballots are respected. See State ex rel. SuperAmerica Group v. Licking Cty. Bd. of Elections , 80 Ohio St.3d 182, 187, 685 N.E.2d 507 (1997).
{¶ 31} For this reason, we have recognized that "cases in which laches is dispositive generally involve prejudice to the respondents in their statutory obligation to absentee voters to have absentee ballots printed and ready for use." State ex rel. Steele v. Morrissey , 103 Ohio St.3d 355, 2004-Ohio-4960, 815 N.E.2d 1107, ¶ 14. Tellingly, the lead opinion points to no decision from this court holding that prejudice is "presumed"-apparently, irrebuttably-solely from the fact that the action proceeded as an expedited election case. Any such presumption conflicts with established caselaw that it is the respondent who has the burden to demonstrate material prejudice.
{¶ 32} Importantly, when we have found a delay in bringing an election case to be prejudicial, the statutory deadline for having absentee ballots printed and ready for use had expired before the action could be decided. E.g. , State ex rel. Duclos v. Hamilton Cty. Bd. of Elections , 145 Ohio St.3d 254, 2016-Ohio-367, 48 N.E.3d 543, ¶ 12 ; State ex rel. Chillicothe v. Ross Cty. Bd. of Elections , 123 Ohio St.3d 439, 2009-Ohio-5523, 917 N.E.2d 263, ¶ 17 ; Mason City School Dist. v. Warren Cty. Bd. of Elections , 107 Ohio St.3d 373, 2005-Ohio-5363, 840 N.E.2d 147, ¶ 19 ; Blankenship at ¶ 26 ; see also *245 State ex rel. Brinda v. Lorain Cty. Bd. of Elections , 115 Ohio St.3d 299, 2007-Ohio-5228, 874 N.E.2d 1205, ¶ 13 ; State ex rel. Commt. for Charter Amendment, City Trash Collection v. Westlake , 97 Ohio St.3d 100, 2002-Ohio-5302, 776 N.E.2d 1041, ¶ 18-19.
{¶ 33} In contrast, this case has been fully briefed well in advance of the deadline for preparing absentee ballots as required by the Uniformed and Overseas Citizens Absentee Voters Act, 42 U.S.C. 1973ff, recodified as 52 U.S.C. 20301 - 20311. Pursuant to R.C. 3511.04(B), that deadline is 45 days before the general election, or September 22, 2018. Accordingly, because there is still time to decide this case on the merits without impeding respondent Summit County Board of Elections in its duty to prepare and mail absentee ballots, the purpose of S.Ct.Prac.R. 12.08 "to give the Supreme Court adequate time for full consideration of the case" has been satisfied, notwithstanding any delay in the filing of the action.
*36 {¶ 34} It is true that we have sometimes indicated that the element of prejudice is satisfied when the delay causes the case to become an expedited election case pursuant to S.Ct.Prac.R. 12.08, which restricts the time the respondent has to prepare and defend the case. E.g. , Duclos at ¶ 11 ; State ex rel. Coughlin v. Summit Cty. Bd. of Elections , 136 Ohio St.3d 371, 2013-Ohio-3867, 995 N.E.2d 1194, ¶ 11 ; Chillicothe at ¶ 17 ; State ex rel. Owens v. Brunner , 125 Ohio St.3d 130, 2010-Ohio-1374, 926 N.E.2d 617, ¶ 19 ; State ex rel. Willke v. Taft , 107 Ohio St.3d 1, 2005-Ohio-5303, 836 N.E.2d 536, ¶ 18. But despite that language, in none of those cases did we conclude that laches barred relief based solely on a presumption that the procedural burdens imposed by expedited briefing were prejudicial. These are either cases in which the deadline for preparing ballots had also passed-such as Duclos , on which the lead opinion relies as purportedly recognizing a presumption of prejudice-or cases in which the court held that the laches defense did not apply. For example, the lead opinion relies on Willke for the proposition that having to defend an expedited election case is prejudicial, yet there we declined to apply laches, noting that the respondents had "assert[ed] no specific prejudice in their laches argument," Willke at ¶ 19. That case would have proceeded as an expedited election case in the best of circumstances.
{¶ 35} We have also indicated that " 'for election cases, laches is not an affirmative defense, and [persons seeking relief] have the burden of proving that they acted with the requisite diligence.' " (Brackets sic.) Smith v. Scioto Cty. Bd. of Elections , 123 Ohio St.3d 467, 2009-Ohio-5866, 918 N.E.2d 131, ¶ 14, quoting State ex rel. Vickers v. Summit Cty. Council , 97 Ohio St.3d 204, 2002-Ohio-5583, 777 N.E.2d 830, ¶ 13. But the duty of "relators in election cases to act with the utmost diligence," Blankenship , 103 Ohio St.3d 567, 2004-Ohio-5596, 817 N.E.2d 382, at ¶ 19, is separate from the respondent's burden to demonstrate that it has been prejudiced by the relator's lack of diligence. " '[W]e generally require a showing of prejudice before we apply laches to bar a consideration of the merits of an election case.' " Owens at ¶ 19, quoting Brinda , 115 Ohio St.3d 299, 2007-Ohio-5228, 874 N.E.2d 1205, at ¶ 11. The only party who can show prejudice is the respondent-"a party asserting a laches defense must demonstrate that it has been prejudiced by the other party's delay." State ex rel. Davis v. Summit Cty. Bd. of Elections , 137 Ohio St.3d 222, 2013-Ohio-4616, 998 N.E.2d 1093, ¶ 10. And the prejudice must be material before laches will bar relief. State ex rel. Rife v. Franklin Cty. Bd. of Elections , 70 Ohio St.3d 632, 635, 640 N.E.2d 522 (1994) ; see also *246 Smith v. Smith , 168 Ohio St. 447, 455, 156 N.E.2d 113 (1959) ("in order to successfully prosecute a claim of laches, the person asserting the claim must show that he has been materially prejudiced by the delay of the adverse party in asserting his rights"); State ex rel. Mallory v. Pub. Emp. Retirement Bd. , 82 Ohio St.3d 235, 244-245, 694 N.E.2d 1356 (1998) (laches is not a bar to a mandamus action when no evidence of material prejudice is presented). *37 {¶ 36} We have therefore never decided an election case based solely on the conclusion that having to defend the action on an expedited basis is per se prejudicial. Rather, the fact that a case has proceeded on an expedited timeline does not, by itself, establish prejudice, and the respondent is required to show that the briefing schedule materially hindered its ability to prepare and defend against the action in some specific, concrete way. This is a reason why a laches defense "rarely prevails in election cases," Duclos , 145 Ohio St.3d 254, 2016-Ohio-367, 48 N.E.3d 543, at ¶ 8.
{¶ 37} This is not to say that the difficulties faced by the respondent in an expedited election case can never be prejudicial, but here, respondents city of Green and its finance director, Steven Schmidt, have failed to make that showing. The only specific claim of prejudice is their assertion that relator, Citizens for Responsible Green Government, "prematurely filed its merit brief on Friday August 10, 2018 in an attempt to minimize the Respondents' time to gather evidence and prepare a merit brief-gamesmanship that was self-evidently done to gain a strategic advantage." They explain that "[t]his tactic effectively reduced the City's already short response time to one business day." However, we granted the city and Schmidt's request for an extension of time, allowing them four additional business days to file these materials and alleviating any potential prejudice. Now, having obtained that relief, they seek a duplicative remedy in laches, without providing any concrete details as to how their preparation and defense of the case have been materially affected. Importantly, this case presents relatively straightforward issues regarding whether relator's petition is sufficient and valid. None of these issues have required extensive discovery to defend, and there is no indication that the city and Schmidt were prevented from thoroughly presenting the evidence, authority, and argument supporting their position in the time frame of an expedited election action.
{¶ 38} Beyond eliminating the need to weigh the equities of each individual assertion of prejudice, the lead opinion's analysis would have unintended consequences. For example, the lead opinion concludes that having to defend an expedited election action by itself prejudices the respondent, and then it applies that conclusion to a case that was not automatically classified as an expedited election action by rule because it was filed 92 days before the election. That may seem close enough for those jurists joining the lead opinion, but there is no express limit to when this court can expedite an election case, and we have frequently expedited election matters filed further in advance of the election than this case. See, e.g. , State ex rel. McCann v. Delaware Cty. Bd. of Elections , 153 Ohio St.3d 1445, 2018-Ohio-2926, 102 N.E.3d 502 (complaint filed 105 days before election) ; State ex rel. Guest v. Husted , 153 Ohio St.3d 1436, 2018-Ohio-2707, 101 N.E.3d 466 (137 days before election). Presuming prejudice in cases filed "so close in time to [the 90-day] deadline that expediting the proceedings becomes a *38 practical necessity," lead opinion at ¶ 27, therefore has no limiting principle at all. And even though laches is an equitable defense and necessarily fact-based, the lead opinion's new per se prejudice rule would apply to all future expedited election cases, without regard *247 for the equities and circumstances involved in each one.
{¶ 39} We ought not bar review of election cases on the merits based on a judge-made presumption when the legislature, the final arbiter of public policy, has not established a specific limitations period for filing them. Accordingly, "consistent with the 'fundamental tenet of judicial review in Ohio'-'that courts should decide cases on their merits,' " State ex rel. Voters First v. Ohio Ballot Bd ., 133 Ohio St.3d 257, 2012-Ohio-4149, 978 N.E.2d 119, ¶ 21, quoting State ex rel. Becker v. Eastlake , 93 Ohio St.3d 502, 505, 756 N.E.2d 1228 (2001), I would reject respondents' laches defense and consider on the merits whether Schmidt abused his discretion in determining that the referendum petition was insufficient and invalid.