[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Fleming v. Fox,* Slip Opinion No. 2019-Ohio-3555.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2019-OHIO-3555

THE STATE EX REL. FLEMING ET AL. *v*. FOX ET AL.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Fleming v. Fox,* Slip Opinion No. 2019-Ohio-3555.]**

*Elections—Mandamus—County-charter petition—Adequate remedy in the ordinary course of the law—Writ denied.*

(No. 2019-1108—Submitted August 28, 2019—Decided September 3, 2019.)

IN MANDAMUS.

————————————

**Per Curiam.**

{¶ 1} In this expedited election case, relators, six Williams County electors,[1] seek a writ of mandamus to compel respondents, the Williams County Board of Elections and its members (collectively, "the board"),[2] to place a petition for a proposed county charter on the November 5, 2019 ballot.  The board determined that

———————————

1. The relators are Sherry Lynn Fleming, Rosemary Hug, Albert Charles Kwader, Lyle Dean Brigle, Lou A. Pendleton, and Kim E. Gearhart.
2. The board members are Mark E. Fox Sr., Scott Towers, Jeff Erb, and Paul Duggan.

the proposal was invalid after finding that it did not comply with Article X, Section 3 of the Ohio Constitution, which governs county-charter proposals.

{¶ 2} Relators' main argument is that the board impermissibly examined the substance of the proposed charter, when it should have determined only the sufficiency and validity of the petition and signatures. But we do not reach that issue. We deny the writ because relators had an adequate remedy at law.

### Background

{¶ 3} On June 26, 2019, relators filed a petition with the board proposing the adoption of a county charter. There is no dispute that the petition contained a sufficient number of valid signatures for placement on the ballot. But on July 8, the board determined that the petition was invalid because it did not comply with Article X, Section 3. That same day, relators challenged the board's decision by requesting that the board bring an action in the Williams County Court of Common Pleas under R.C. 307.94. The board commenced the action, and the court of common pleas affirmed the board's decision on July 17.

{¶ 4} On July 29, relators attempted to protest the board's decision to the secretary of state under R.C. 307.95(B). But on July 30, the board notified relators that it would not accept the protest or forward it to the secretary of state because relators already had elected to pursue an action in the common pleas court. On August 2, relators asked the board to reconsider its refusal to accept the protest. But on August 5, the board again refused to accept the protest.

{¶ 5} On August 9, relators filed this original action seeking a writ of mandamus to compel the board to certify the petition to the November ballot.

### Analysis

{¶ 6} To be entitled to a writ of mandamus, relators must prove, by clear and convincing evidence, (1) a clear legal right to the requested relief, (2) a clear legal duty on the part of the board to provide it, and (3) the lack of an adequate remedy in the ordinary course of law. *State ex rel. Waters v. Spaeth*, 131 Ohio St.3d 55, 2012-

Ohio-69, 960 N.E.2d 452, ¶ 6, 13. Because it is dispositive, we address the adequate-remedy prong first.

{¶ 7} Article X, Section 3 authorizes the people of a county to propose the adoption of a county charter. R.C. 307.94, in turn, establishes the procedure for placing a proposed county charter on a ballot. Under R.C. 307.94, if a board of elections finds that a county-charter petition is invalid, "the petitioners' committee may protest such findings * * * as provided in section 307.95 of the Revised Code * * *, or request that the board of elections proceed to establish the validity or invalidity of the petition * * * in an action before the court of common pleas in the county." R.C. 307.94, paragraph two. The statute plainly offers two ways to challenge an elections-board decision: either file a protest to be heard by the secretary of state under R.C. 307.95 *or* demand an action in the common pleas court. *State ex rel. Jones v. Husted*, 147 Ohio St.3d 341, 2016-Ohio-5681, 65 N.E.3d 733, ¶ 11. Relators chose the latter option.

{¶ 8} We held in *Jones* that judicial review under R.C. 307.94 is an adequate remedy at law. *Id.* at ¶ 13-14. *See also State ex rel. McGinn v. Walker*, 151 Ohio St.3d 199, 2017-Ohio-7714, 87 N.E.3d 204, ¶ 31 (DeWine, J., concurring in judgment only) (concluding that the relators had an adequate remedy because they had "already obtained legal review of the decisions of the boards of elections in common pleas court"). We follow that holding today: Relators obtained judicial review and could have appealed the common pleas court's judgment in the ordinary course of law. *See* Ohio Constitution, Article IV, Section 3(B)(2); R.C. 2505.02.

{¶ 9} Relators nevertheless argue that the common-pleas action was not adequate because the normal appellate process would not be completed in time for the election. They contend that "Ohio's courts of appeal have no obligation to accelerate consideration of ballot issue appeals." But even if we were to assume that a remedy at law is adequate in an elections case only if expeditious appellate review

is available, relators have not shown that timely appellate review was not available to them.

{¶ 10} The Rules of Appellate Procedure, to be sure, do not provide for the expedited review of election matters. But relators still could have asked the court of appeals to review the matter expeditiously, just as litigants often ask this court to expedite review when filing election matters outside the 90-day window for automatically expediting cases. *See* S.Ct.Prac.R. 12.08(A)(1). *See also McGinn* at ¶ 31 (DeWine, J., concurring in judgment only) ("There is no reason to think that * * * courts of appeals are not as equipped as this court to decide these matters in an expeditious fashion"). Relators cite cases in which we have suggested that the timing of normal appellate review generally is inadequate in an election matter. *See, e.g., State ex rel. Thurn v. Cuyahoga Cty. Bd. of Elections*, 72 Ohio St.3d 289, 649 N.E.2d 1205 (1995). But those cases did not involve a special judicial proceeding under R.C. 307.94—a remedy relators chose to pursue.

{¶ 11} Although appellate review may not provide an adequate remedy in some election cases, the record here shows that there was ample time for relators to appeal: If relators had appealed on July 18 (the day after the common pleas court decision), the court of appeals would have had 64 days to decide the appeal before this year's September 20 deadline for distributing absentee ballots under the Uniformed and Overseas Citizens Absentee Voting Act, 52 U.S.C. 20302 ("UOCAVA"). *See* R.C. 3511.04 (requiring distribution 46 days before the election). Relators instead filed this action 23 days after the court decision, leaving only 42 days for the parties to brief and us to decide this case by the UOCAVA deadline. Having wasted more than one-third of the time available, relators' claim that this action was their only option for timely judicial review rings hollow.

{¶ 12} Relators argue that they should not be accountable for the 23-day delay because they spent part of that time attempting to protest the board's decision to the secretary of state. But having chosen to have the common pleas court review

4

the board's decision, relators had no right to file a protest. Their argument to the contrary—i.e., that they had to exhaust *both* possible remedies—results from a misreading of *Jones*.

{¶ 13} The petitioners in *Jones* neither filed a protest nor requested an action in the common pleas court. 147 Ohio St.3d 341, 2016-Ohio-5681, 65 N.E.3d 733, at ¶ 11-14. While the *Jones* petitioners understandably declined to file a protest because the secretary had participated in the invalidation of their petition by providing the tiebreaking vote, we held that they still had to pursue the other available statutory remedy. *Id*. at ¶ 13. Contrary to relators' argument, *Jones* did not hold that a petition committee must (or could) pursue *both* a court action *and* a protest. Indeed, not only is such a holding untenable under the plain language of R.C. 307.94, it also would create a clear separation-of-powers problem by effectively allowing an appeal of the common pleas court's decision to the secretary of state. *See S. Euclid v. Jemison*, 28 Ohio St.3d 157, 503 N.E.2d 136 (1986), syllabus (holding that the separation of powers prohibits the appeal of a court decision to an executive-branch officer).

{¶ 14} As a final matter, relators suggest that appellate review is adequate only if there is time for review by both the court of appeals and this court. But relators have not shown that parties in an election dispute have an absolute right to an adjudication by this court before the election. In short, relators fail to support their claim that initial review by a court of common pleas, followed by an appeal of right to a court of appeals, affords them an inadequate remedy at law.

{¶ 15} Because relators had an adequate remedy at law, we deny the writ.

Writ denied.

O'CONNOR, C.J., and FRENCH, DEWINE, DONNELLY, and STEWART, JJ., concur.

KENNEDY, J., concurs in judgment only.

FISCHER, J., concurs in judgment only, with an opinion.

_____

**FISCHER, J., concurring in judgment only.**

{¶ 16} I concur in the majority's judgment denying the writ of mandamus but would deny the writ for a different reason: the relators' claim is barred by laches.

{¶ 17} In an election case, extreme diligence and promptness are required. *State ex rel. Ryant Commt. v. Lorain Cty. Bd. of Elections*, 86 Ohio St.3d 107, 113, 712 N.E.2d 696 (1999). Respondents, the Williams County Board of Elections and its members (collectively, "the board"), argue that the relators, six Williams County electors, failed to act with the sense of urgency expected here and that the doctrine of laches should therefore apply to bar their claim. I agree.

{¶ 18} The elements of laches are "(1) unreasonable delay or lapse of time in asserting a right, (2) absence of an excuse for the delay, (3) knowledge, actual or constructive, of the injury or wrong, and (4) prejudice to the other party." *State ex rel. Polo v. Cuyahoga Cty. Bd. of Elections*, 74 Ohio St.3d 143, 145, 656 N.E.2d 1277 (1995).

{¶ 19} The relators waited 23 days from the date of the common pleas court's decision before filing this action. In prior election cases, we have held that shorter periods of time than this amount to an unreasonable delay. *See, e.g.*, *Paschal v. Cuyahoga Cty. Bd. of Elections*, 74 Ohio St.3d 141, 142, 656 N.E.2d 1276 (1995) (finding that a 9-day delay did not satisfy the requisite diligence and prompt action required in election cases).

{¶ 20} Nothing in the record—apart from the relators' misreading of this court's decision in *State ex rel. Jones v. Husted*, 147 Ohio St.3d 341, 2016-Ohio-5681, 65 N.E.3d 733—explains, let alone excuses, this delay.

{¶ 21} And, in this case, the relators had at least constructive knowledge that this 23-day delay would harm the board by reducing the time it had to finalize the ballot for the November election ahead of the statutorily imposed deadline for printing and distributing absentee ballots to members of the military and folks

overseas. *See* R.C. 3511.04 (requiring distribution of military and overseas absentee ballots by 46 days before the election (September 20, 2019)).

{¶ 22} Finally, while this delay undisputedly harmed the board by compressing the ballot-printing process, we may go ahead and presume actual prejudice because the relators waited until 88 days before the November election to file their complaint. This delay automatically expedited the matter under S.Ct.Prac.R. 12.08(A)(1). When the relators' delay causes the matter to become an expedited election case, prejudice is presumed. *State ex rel. Duclos v. Hamilton Cty. Bd. of Elections*, 145 Ohio St.3d 254, 2016-Ohio-367, 48 N.E.3d 543, ¶ 11.

{¶ 23} Because all of the elements of laches are present, I would deny the writ on these grounds.

––––––––––––––––––

Terry J. Lodge, for relators.

Katherine J. Zartman, Williams County Prosecuting Attorney; McTigue & Colombo, L.L.C., Donald J. McTigue, J. Corey Colombo, Derek S. Clinger, and Ben F.C. Wallace, for respondents.

Dave Yost, Attorney General, Benjamin M. Flowers, Solicitor General, Michael J. Hendershot, Chief Deputy Solicitor General, and Jason D. Manion, Deputy Solicitor General, urging denial of the writ for amicus curiae Ohio Attorney General.

Chad A. Endsley, Leah F. Curtis, and Amy M. Milam, urging denial of the writ for amici curiae Ohio Farm Bureau Federation and Williams County Farm Bureau.

––––––––––––––––––