[Cite as *State ex rel. Chillicothe v. Ross Cty. Bd. of Elections,* **123 Ohio St.3d 439, 2009-Ohio-5523.**]

**THE STATE EX REL. CITY OF CHILLICOTHE *v.* ROSS COUNTY**

**BOARD OF ELECTIONS.**

**[Cite as *State ex rel. Chillicothe v. Ross Cty. Bd. of Elections,***

**123 Ohio St.3d 439, 2009-Ohio-5523.]**

*Mandamus and prohibition — City seeks a writ of mandamus to compel a board of elections to conduct a quasi-judicial hearing on a protest against an initiative petition or, in the alternative, a writ of prohibition to prevent the board of elections from placing the initiative petition on the ballot — Writs denied based on laches.*

(No. 2009-1746 ─ Submitted October 15, 2009 ─ Decided October 21, 2009.)

IN MANDAMUS AND PROHIBITION.

─────────────────────

**Per Curiam.**

{¶ 1} This is an expedited election action for a writ of mandamus to compel a board of elections to conduct a quasi-judicial hearing on a protest against an initiative petition or, in the alternative, a writ of prohibition to prevent the board of elections from placing the initiative proposed by the petition on the November 3, 2009 general election ballot. Because relator failed to act with the requisite diligence to challenge the initiative petition and the board's denial of its protest to the petition, we deny the writs based on laches.

**Facts**

{¶ 2} In 2007, city council for relator, city of Chillicothe, adopted Ordinance No. 151-07, which authorized the mayor to enter into a contract with Redflex Traffic Systems ("Redflex") to install red-light camera systems at designated intersections within the city. The contract was attached to and

incorporated in the ordinance by reference. The mayor executed the contract with Redflex as authorized by Ordinance No. 151-07.

{¶ 3} On June 9, 2008, the Chillicothe City Council adopted Ordinance No. 62-08, which enacted Chapter 315 of the Codified Ordinances of Chillicothe to provide for the implementation of a traffic-enforcement camera system for the administrative enforcement of traffic-control signals and speed limits.

{¶ 4} On December 9, 2008, William Kaltenbach filed with the city auditor a precirculation initiative petition to repeal Ordinance No. 151-07 and Chapter 315 of the Codified Ordinances of Chillicothe. On April 17, 2009, Kaltenbach filed the signed petition with the city auditor. The auditor transmitted the petition to respondent, Ross County Board of Elections, and the board determined that it contained 1,544 valid signatures. On June 19, 2009, the city auditor certified the initiative petition to the board of elections.

{¶ 5} Fifty-six days later, on August 14, 2009, the city filed a protest with the board of elections challenging the initiative petition. The city claimed that the ordinance proposed by the petition was illegal and unconstitutional, that the petition was confusing and misleading to the voting public, and that the actions of the city council in enacting Ordinance No. 151-07 and Chapter 315 of the Codified Ordinances of Chillicothe were administrative, not legislative, and were therefore not subject to initiative proceedings.

{¶ 6} At its September 2 meeting, the board of elections heard the arguments of the parties on Chillicothe's protest, but declined to take any testimony or other evidence. The city did not object to the board's decision not to take testimony or other evidence and did not proffer any evidence. At the conclusion of the arguments, the board convened an executive session, and, upon return to regular session, voted unanimously to deny the protest and place the initiative on the November 3, 2009 general election ballot. Minutes of the

meeting were available the next day, but the city did not request a copy of the minutes until September 15.

{¶ 7} Twenty-six days after the board of elections denied its protest, the city filed this expedited election action on September 28. Chillicothe requests a writ of mandamus to compel the board of elections to conduct a quasi-judicial hearing on its protest or, in the alternative, a writ of prohibition to prevent the board of elections from placing the initiative on the November 3, 2009 general election ballot. The day after the city filed its complaint, the board of elections made available the absentee ballots for the election. The board filed an answer to the complaint, and the parties submitted evidence and briefs in accordance with the expedited schedule in S.Ct.Prac.R. X(9).

{¶ 8} This cause is now before the court for our consideration.

### Legal Analysis

{¶ 9} "We have consistently required relators in election cases to act with the utmost diligence." *Blankenship v. Blackwell*, 103 Ohio St.3d 567, 2004-Ohio-5596, 817 N.E.2d 382, ¶ 19. "If relators in election cases do not exercise the utmost diligence, laches may bar an action for extraordinary relief." *State ex rel. Craig v. Scioto Cty. Bd. of Elections*, 117 Ohio St.3d 158, 2008-Ohio-706, 882 N.E.2d 435, ¶ 11. "The elements of laches are (1) unreasonable delay or lapse of time in asserting a right, (2) absence of an excuse for the delay, (3) knowledge, actual or constructive, of the injury or wrong, and (4) prejudice to the other party." *State ex rel. Polo v. Cuyahoga Cty. Bd. of Elections* (1995), 74 Ohio St.3d 143, 145, 656 N.E.2d 1277.

{¶ 10} Chillicothe failed to act with the requisite diligence in asserting its claim for extraordinary relief in mandamus and prohibition. Instead, the city delayed filing its protest until *119 days* after the signed initiative petition was filed with the city auditor and *56 days* after the city auditor certified the initiative petition to the board of elections. Chillicothe delayed an additional *26 days* after

the board denied its protest and certified the initiative to the election ballot to file this action for extraordinary relief. "[W]e have held that a delay as brief as *nine days* can preclude our consideration of the merits of an expedited election case." (Emphasis sic.) *State ex rel. Landis v. Morrow Cty. Bd. of Elections* (2000), 88 Ohio St.3d 187, 189, 724 N.E.2d 775.

{¶ 11} Chillicothe has no legitimate excuse for its prolonged periods of delay in this case. The city did not need to wait for certification of the petition to file its protest. See *Mason City School Dist. v. Warren Cty. Bd. of Elections*, 107 Ohio St.3d 373, 2005-Ohio-5363, 840 N.E.2d 147, ¶ 15. Nor did the city need to wait for the completion of a transcript of the board hearing to file this prohibition action. See *State ex rel. Polo*, 74 Ohio St.3d at 145-146, 656 N.E.2d 1277. In fact, the board of elections presented evidence establishing that the minutes of the board's September 2 meeting were available on September 3, but the city did not request a copy of the minutes until 13 days after the meeting.

{¶ 12} The city's attempts to excuse its own prolonged delay by pointing to the board's delay in scheduling a hearing on its protest and the board's alleged failure to conduct a quasi-judicial hearing are unavailing. See, e.g., *Mason City School Dist.*, 2005-Ohio-5363, ¶ 18, quoting *State ex rel. Ryant Commt. v. Lorain Cty. Bd. of Elections* (1999), 86 Ohio St.3d 107, 114, 712 N.E.2d 696 (" 'Any additional delay by the board in failing to hold a protest hearing does not excuse relators' delay in the submission of a proper protest and the election process' ").

{¶ 13} Further, the city knew or should have known of the initiative petition when the petition was initially filed as a precirculation petition in December 2008 and as a signed petition in April 2009. In fact, the petition was filed with the city auditor before it was submitted to the board of elections. Chillicothe also knew of the board's decision on September 2 because the city's representative attended and presented argument. Despite this knowledge, the city failed to act any sooner than it did.

{¶ 14} In addition, this delay resulted in prejudice. "Our consistent requirement that expedited election cases be filed with the required promptness is not simply a technical nicety." *State ex rel. Carberry v. Ashtabula* (2001), 93 Ohio St.3d 522, 524, 757 N.E.2d 307. Among other things, expedited election cases "implicate the rights of electors underlying the statutory time limits of R.C. 3505.01 and 3509.01." *State ex rel. Ascani v. Stark Cty. Bd. of Elections* (1998), 83 Ohio St.3d 490, 494, 700 N.E.2d 1234.

{¶ 15} "Normally, this prejudice in expedited election cases occurs because relators' delay prejudices respondents by making the case an expedited election case under S.Ct.Prac.R. X(9), which restricts respondents' time to prepare and defend against relators' claims, or impairs boards of elections' ability to prepare, print, and distribute appropriate ballots because of the expiration of the time for providing absentee ballots." *State ex rel. Willke v. Taft*, 107 Ohio St.3d 1, 2005-Ohio-5303, 836 N.E.2d 536, ¶ 18.

{¶ 16} If Chillicothe had acted more promptly in challenging the initiative petition, it is probable that this case could have been commenced more than 90 days before the November 3 election so that the board of elections' time to prepare and defend against the city's claims would not have been restricted by S.Ct.Prac.R. X(9).

{¶ 17} Moreover, because of the city's unjustified delay, the statutory deadline for having absentee ballots printed and ready for use had already passed before briefing had started in this expedited election case. R.C. 3509.01 (absentee ballots "shall be printed and ready for use on the thirty-fifth day before the day of the election"). "If relator[] had acted more promptly, this might have been avoided and any potential prejudice to the county in its statutory obligation to absentee voters would have been minimized." *State ex rel. Vickers v. Summit Cty. Council*, 97 Ohio St.3d 204, 2002-Ohio-5583, 777 N.E.2d 830, ¶ 18. This is not a case in which the statutory deadline would have passed even under the best of

circumstances. See *State ex rel. Squire v. Taft* (1994), 69 Ohio St.3d 365, 369, 632 N.E.2d 883.

{¶ 18} This case is comparable to other expedited election cases in which we have held that laches barred claims for a writ of prohibition to prevent an election from occurring. See *State ex rel. Fishman v. Lucas Cty. Bd. of Elections*, 116 Ohio St.3d 19, 2007-Ohio-5583, 876 N.E.2d 517 (laches barred expedited election case for a writ of prohibition when relator filed protest 16 days after nominating petition was filed with the board of elections and filed writ case 38 days after the board denied his protest), and cases cited therein at ¶ 9. The city's reliance in its reply brief on nonelection cases, in which laches is an affirmative defense, is misplaced because in election cases, relators have the burden of establishing that they acted with the requisite diligence. Id. at ¶ 10; *State ex rel. Ohio Dept. of Mental Health v. Nadel*, 98 Ohio St.3d 405, 2003-Ohio-1632, 786 N.E.2d 49, ¶ 15. The city did not meet that burden here.

**Conclusion**

{¶ 19} Based on the foregoing, Chillicothe failed to exercise the diligence required of relators in election cases, and we deny the writs based on laches. By so holding, we need not address the city's claims. *Fishman* at ¶ 11.

Writs denied.

MOYER, C.J., and LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

PFEIFER, J., concurs in judgment only.

————————————

Toni L. Eddy, Chillicothe Law Director, and James L. Mann, Assistant Law Director, for relator.

Michael M. Ater, Ross County Prosecuting Attorney, and Richard W. Clagg, Assistant Prosecuting Attorney, for respondent.

————————————