[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Gadell-Newton v. Husted,* Slip Opinion No. 2018-Ohio-1854.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2018-OHIO-1854

THE STATE EX REL. GADELL-NEWTON *v.* HUSTED ET AL.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Gadell-Newton v. Husted,* Slip Opinion No. 2018-Ohio-1854.]

*Elections—Request for declaration that digital ballot images are public records subject to R.C. 149.351(A) and for writ of mandamus ordering boards of elections to refrain from deleting digital ballot images dismissed for lack of subject-matter jurisdiction.*

(No. 2018-0563—Submitted May 8, 2018—Decided May 11, 2018.)

IN MANDAMUS.

_____

**Per Curiam.**

{¶ 1} In this expedited election case, relator, Constance Gadell-Newton, seeks a writ of mandamus to compel respondents, Ohio Secretary of State Jon Husted, the Franklin County Board of Elections, and the Cuyahoga County Board of Elections, to preserve digital ballot images created by voting equipment used in

the May 8, 2018 primary election. We dismiss the complaint for lack of jurisdiction.

## I. Background

{¶ 2} Franklin County employs two voting systems. It uses optical-scan paper ballots for six categories of voters: those using absentee ballots to vote by mail, provisional voters, qualified 17-year-old voters, hospitalized voters, nursing-home residents voting by absentee ballots, and election-day voters who request to vote using paper ballots in lieu of voting on a machine.[1] The county processes these ballots using DS850 digital scanners. A paper ballot is fed into the scanner, which reads the ballot and tabulates the votes. The Cuyahoga County Board of Elections uses DS850 high-speed scanners for all absentee ballots (in-person and mail-in) and DS200 digital scanners for ballots cast at polling places on election day.

{¶ 3} According to the evidence submitted by Gadell-Newton in this case, a DS850 scanner works by creating a digital image of each paper ballot that it scans. The scanner's software then uses the digital image to interpret the vote and generate a cast-vote record ("CVR"). The scanner accumulates the votes represented by the CVRs to create vote totals for each candidate and issue. The DS850 stores the ballot image and the CVR as separate, retrievable files.

{¶ 4} Gadell-Newton was a candidate for the Green Party nomination for election as governor of Ohio. On April 10, 2018, Gadell-Newton's counsel sent letters to the Franklin and Cuyahoga County boards of elections in which counsel asserted that the digital ballot images are public records within the meaning of Ohio's Public Records Act, R.C. 149.43, and must therefore be preserved. Counsel also alleged that the boards of elections had a duty under 52 U.S.C. 20701 to preserve the ballot images for a minimum of 22 months following a federal election.

---

[1] All other Franklin County voters—electors who vote in person at their polling place on election day or who vote using an in-person absentee ballot at the early-voting center—use Election Systems & Software iVotronic electronic-voting machines.

Counsel demanded "written documentation that you have instructed your staff to comply with the legal requirement to preserve all election materials and data, including digital ballot images." On the same day, counsel sent a letter to Secretary Husted demanding that the secretary instruct county elections officials to preserve all digital ballot images.

{¶ 5} The recipients did not answer the letters. Therefore, on April 19, Gadell-Newton filed the instant complaint for a writ of mandamus. As in the letters, she alleged that digital ballot images are public records that under R.C. 149.351(A) may not be removed, destroyed, or disposed of and that elections officials are under an affirmative duty, imposed by 52 U.S.C. 20701, to preserve these records. In her prayer for relief, she requested "[a] judgment or order that digital ballot images are public records" and "[a] writ of mandamus ordering Respondents to preserve all digital ballot images from the May 8, 2018 Primary Election." Pursuant to Sup.Ct.Prac.R. 12.08(A), the case was automatically expedited because it was filed within 90 days of the May 8 election.

## II. Legal Analysis

{¶ 6} To be entitled to a writ of mandamus, a party must establish, by clear and convincing evidence, (1) a clear legal right to the requested relief, (2) a clear legal duty on the part of the respondent to provide it, and (3) the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Waters v. Spaeth*, 131 Ohio St.3d 55, 2012-Ohio-69, 960 N.E.2d 452, ¶ 6, 13. With respect to the second element, Gadell-Newton alleges the existence of a duty arising under both federal and state law.

{¶ 7} 52 U.S.C. 20701 provides:

> Every officer of election shall retain and preserve, for a period of twenty-two months from the date of any general, special, or primary election of which candidates for the office of * * *

3

> Member of the Senate [or] Member of the House of Representatives
> * * * are voted for, all records and papers which come into his
> possession relating to any application, registration, payment of poll
> tax, or other act requisite to voting in such election * * *. Any
> officer of election or custodian who willfully fails to comply with
> this section shall be fined not more than $1,000 or imprisoned not
> more than one year, or both.

Gadell-Newton contends that digital ballot images are "records * * * relating to any * * * other act requisite to voting in such election," 52 U.S.C. 20701, and must therefore be preserved for 22 months.

{¶ 8} As for the state-law duty she seeks to enforce, Gadell-Newton cites R.C. 149.351(A), which provides that all records of a public office "are the property of the public office concerned and shall not be removed, destroyed, mutilated, transferred, or otherwise damaged or disposed of, in whole or part." She contends that the digital ballot images constitute records of a public office and must therefore not be destroyed.

{¶ 9} In her complaint, Gadell-Newton seeks a declaratory judgment that "digital ballot images are public records." As a general rule, a writ of mandamus will not issue when there is a plain and adequate remedy in the ordinary course of the law. R.C. 2731.05. However, "where declaratory judgment would not be a complete remedy unless coupled with extraordinary relief in the nature of a *mandatory* injunction, the availability of declaratory judgment does not preclude a writ of mandamus." (Emphasis added.) *State ex rel. Arnett v. Winemiller*, 80 Ohio St.3d 255, 259, 685 N.E.2d 1219 (1997). If the allegations of a complaint indicate that the real objects sought are a declaratory judgment and a *prohibitory* injunction, then the complaint does not state a claim in mandamus and must be dismissed for

4

lack of jurisdiction. *State ex rel. Grendell v. Davidson*, 86 Ohio St.3d 629, 634, 716 N.E.2d 704 (1999).

{¶ 10} The difference between the two forms of relief is simple: "a prohibitory injunction is used to prevent a future injury, but a mandatory injunction is used to remedy past injuries." *State ex rel. Gen. Motors Corp. v. Indus. Comm.*, 117 Ohio St.3d 480, 2008-Ohio-1593, 884 N.E.2d 1075, ¶ 12. The court distinguishes between the two by "examining the complaint to determine whether it actually seeks to prevent, rather than compel, official action." *State ex rel. Evans v. Blackwell*, 111 Ohio St.3d 437, 2006-Ohio-5439, 857 N.E.2d 88, ¶ 20; *see also State ex rel. Smith v. Indus. Comm.*, 139 Ohio St. 303, 306, 39 N.E.2d 838 (1942) ("The functions of an injunction are ordinarily to restrain motion and enforce inaction, while those of mandamus are to set in motion and to compel action").

{¶ 11} Gadell-Newton characterizes this action as one to compel affirmative action by forcing the boards of elections to preserve digital ballot images that will otherwise be lost, whereas Secretary Husted presents the case as an effort to enjoin the boards of elections from destroying images that will otherwise continue to exist. The complaint invokes both scenarios:

> Respondents have been and will be violating Ohio and federal public records laws by instructing or allowing election officials and workers under their supervision to destroy all digital ballot images following the election.
>
> Respondents have been and will be violating Ohio and federal public records laws by failing to instruct election officials and workers under their supervision to preserve all digital ballot images following the election.

Elsewhere in the complaint, however, Gadell-Newton makes clear that the problem, from her perspective, is that in previous elections, the boards of elections have allowed their employees to "destroy all digital ballot images following the election." The fact that it requires an affirmative act to eliminate the ballot images is confirmed by Gadell-Newton's proffered expert witness, Dr. Thomas W. Ryan, who decries the harm to election integrity caused by "deleting" ballot images. The affidavit from Michael M. Dvorak, an employee of Elections Systems & Software, is consistent with this conclusion: "encrypted ballot images temporarily stored on Franklin County's DS850's internal memory are cleared each time a different ballot type is scanned, such as when provisional ballots are scanned following the scanning of absentee ballots."

{¶ 12} There is no evidence or allegation that the digital ballot images will disappear if left alone, with no affirmative actions taken to preserve them. The converse is true: the images will be destroyed only by affirmative actions that Gadell-Newton seeks to block. This scenario is similar to other situations in which we have dismissed a purported mandamus complaint for lack of jurisdiction. *See, e.g.*, *State ex rel. Esarco v. Youngstown City Council*, 116 Ohio St.3d 131, 2007-Ohio-5699, 876 N.E.2d 953, ¶ 10-12 (mandamus claim alleging that city had an affirmative duty to remove invalid charter amendment from the ballot sought a prohibitory injunction); *State ex rel. Beane v. Dayton*, 112 Ohio St.3d 553, 2007-Ohio-811, 862 N.E.2d 97, ¶ 29 (dismissing mandamus claim that sought to compel city to comply with newly enacted statute because it actually sought an injunction to prevent the city from following preenactment law).

{¶ 13} Stated differently, and as noted above, the difference between a request for a writ of mandamus in the nature of a mandatory injunction (over which this court has original jurisdiction) and a request for a writ of mandamus in the nature of a prohibitory injunction (over which it does not) is temporal. Gadell-Newton is attempting to prevent an injury that has not yet occurred but that she

6

anticipates will occur. That is the function of a prohibitory injunction. *Gen. Motors Corp.*, 117 Ohio St.3d 480, 2008-Ohio-1593, 884 N.E.2d 1075, at ¶ 12. The relief she seeks is not within our original jurisdiction to grant.

### III. Conclusion

{¶ 14} Because we lack subject-matter jurisdiction over this case, we dismiss the complaint and we decline to answer the substantive questions presented, i.e., whether digital ballot images fall within the scope of the Public Records Act or the federal document-preservation statute.

Cause dismissed.

O'CONNOR, C.J., and KENNEDY, FRENCH, and DEGENARO, JJ., concur.

FISCHER, J., concurs in judgment only.

O'DONNELL, J., dissents, with an opinion.

DEWINE, J., not participating.

_____

**O'DONNELL, J., dissenting.**

{¶ 15} Respectfully, I dissent from the analysis presented in the majority opinion. Relator, Constance Gadell-Newton, filed a complaint on April 19, 2018, with respect to the primary election held on May 8, 2018. The complaint seeks two forms of recovery: one, a judgment from this court declaring that the digital ballot images are public records; the other, independent of the first claim, an order compelling respondents to preserve and not destroy all digital ballot images from the May 8, 2018 primary election.

{¶ 16} The complaint fails as to each cause of action for different reasons: the first, asking us to issue a declaratory judgment fails because we lack authority to do so; the other, seeking an order to preserve the digital images, fails because Gadell-Newton has delayed in seeking the relief and is guilty of laches. Accordingly, I would dismiss the request for a declaratory judgment and deny the claim for preservation of the records.

**{¶ 17}** The Ohio Constitution prescribes the jurisdiction of this court. Article IV, Section 2(B)(1) of the Ohio Constitution states that this court shall have original jurisdiction in quo warranto, mandamus, habeas corpus, prohibition, procedendo, any cause on review as may be necessary to its complete determination, and all matters relating to the practice of law.

**{¶ 18}** Nowhere is there authority for this court to issue a declaratory judgment. Rather, that authority is the province of trial courts of general jurisdiction in this state, and we have on numerous occasions stated so and declined to issue such judgments, *see, e.g.*, *State ex rel. Governor v. Taft*, 71 Ohio St.3d 1, 2, 640 N.E.2d 1136 (1994); *State ex rel. Ministerial Day Care Assn. v. Zelman*, 100 Ohio St.3d 347, 2003-Ohio-6447, 800 N.E.2d 21, ¶ 22; *State ex rel. Whitehead v. Sandusky Cty. Bd. of Commrs.*, 133 Ohio St.3d 561, 2012-Ohio-4837, 979 N.E.2d 1193, ¶ 19.

**{¶ 19}** The concept of laches, the negligent delay in presenting a matter to a court, is often a basis for dismissal of a cause of action. *See, e.g.*, *State ex rel. SuperAmerica Group v. Licking Cty. Bd. of Elections*, 80 Ohio St.3d 182, 186-187, 685 N.E.2d 507 (1997); *State ex rel. Chillicothe v. Ross Cty. Bd. of Elections*, 123 Ohio St.3d 439, 2009-Ohio-5523, 917 N.E.2d 263, ¶ 18-19; *State ex rel. Duclos v. Hamilton Cty. Bd. of Elections*, 145 Ohio St.3d 254, 2016-Ohio-367, 48 N.E.3d 543, ¶ 13-14.

**{¶ 20}** Here, it is apparent from the complaint that Gadell-Newton knew of the alleged destruction of digital ballot images long ago: indeed, as the majority points out, "Gadell-Newton makes clear that the problem, from her perspective, is that in previous elections, the boards of elections have allowed their employees to 'destroy all digital ballot images following the election.' " Majority opinion at ¶ 11.

**{¶ 21}** But instead of presenting the matter to the court in a timely manner, Gadell-Newton delayed until April 19, 2018, just 19 days prior to the election and has unnecessarily delayed seeking relief.

**{¶ 22}** Apart from the analysis offered in the majority opinion as to prohibitory and mandatory injunctions, the relief Gadell-Newton seeks is precluded by laches.

### Conclusion

**{¶ 23}** I would dismiss the request for a declaratory judgment because this court is without authority to grant such relief, and I would deny relief on the claim to preserve the digital ballot images on the basis of laches.

_____

Fitrakis & Gadell-Newton, L.L.C., and Robert J. Fitrakis, for relator.

Michael DeWine, Attorney General, and Steven T. Voigt and Renata Y. Staff, Assistant Attorneys General, for respondent Jon Husted.

Ronald J. O'Brien, Franklin County Prosecuting Attorney, and Timothy A. Lecklider, Assistant Prosecuting Attorney, for respondent Franklin County Board of Elections.

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Brendan R. Doyle, Assistant Prosecuting Attorney, for respondent Cuyahoga County Board of Elections.

_____