[Cite as *State ex rel. Nyamusevya v. Hawkins*, 2023-Ohio-840.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Leonard Nyamusevya, | : | |
| Relator, | : | |
| | : | No. 22AP-327 |
| v. | : | |
| | | (REGULAR CALENDAR) |
| Franklin County Court of Common Pleas Honorable Judge Daniel R. Hawkins et al., | : | |
| | : | |
| Respondents. | : | |

D E C I S I O N

Rendered on March 16, 2023

**On brief:** *Leonard Nyamusevya*, pro se.

**On brief:** *G. Gary Tyack,* Prosecuting Attorney, and *Charles R. Ellis*, for respondent Judge Daniel R. Hawkins.

**On brief:** *Dinsmore & Shohl LLP, Kara A. Czanik*, and *Harry W. Cappel*, for respondent CitiMortgage, Inc.

**On brief:** *Padgett Law Group*, and *Ellen L. Fornash*, for respondent Padgett Law Group.

IN PROHIBITION AND MANDAMUS
ON RESPONDENTS' MOTIONS TO DISMISS

MENTEL, J.

{¶ 1} On June 7, 2022, relator, Leonard Nyamusevya, brought this original action seeking a writ of prohibition, writ of mandamus, or an alternate writ seeking to prevent the Franklin County Court of Common Pleas from concluding foreclosure litigation commenced over 12 years ago. In the interim, Mr. Nyamusevya has litigated the case through a number of appeals in this court and bankruptcy court. He filed an amended

complaint on June 27, 2022.[1]  Respondents, the Franklin County Court of Common Pleas and the Honorable Judge Daniel R. Hawkins, Citimortgage, Inc., and Padgett Law Group, have filed motions to dismiss the amended complaint under Rule 12(B)(6) of the Ohio Rules of Civil Procedure for failure to state a claim upon which relief may be granted.

{¶ 2}    Pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals, this matter was referred to a magistrate.  The magistrate recommends that we grant the motion.

{¶ 3}    Mr. Nyamusevya filed no objection to the magistrate's decision.  "If no timely objections are filed, the court may adopt a magistrate's decision, unless it determines that there is an error of law or other defect evident on the face of the magistrate's decision." Civ.R. 53(D)(4)(c).  With one exception, our review of the magistrate's decision reveals no error of law or other evident defect.  *See, e.g., State ex rel. Alleyne v. Indus. Comm.*, 10th Dist. No. 03AP-811, 2004-Ohio-4223, ¶ 32-33 (adopting the magistrate's decision where no objections were filed).

{¶ 4}    The magistrate recommends that we dismiss Mr. Nyamusevya's claim for a writ of prohibition because it is barred by res judicata and because the trial court had jurisdiction over the foreclosure case.  "Res judicata, however, is an affirmative defense that is not a proper basis for dismissal for failure to state a claim." *State ex rel. Jones v. Hogan*, 166 Ohio St.3d 213, 2021-Ohio-3567, ¶ 8, citing *State ex rel. Neguse v. McIntosh*, 161 Ohio St.3d 125, 2020-Ohio-3533, ¶ 10.  Thus, we decline to apply res judicata to dismiss the claim for a writ of prohibition.

{¶ 5}    Nevertheless, Mr. Nyamusevya's claim cannot pass the magistrate's "test[]" of the trial court's subject-matter jurisdiction over the foreclosure action.  *State ex rel. Eaton Corp. v. Lancaster*, 40 Ohio St.3d 404, 409 (1988).  Because the trial court had subject-matter jurisdiction to issue the orders Mr. Nyamusevya challenges, he can prove no set of facts entitling him to the writ of prohibition he seeks.  *See, e.g., State ex rel. Dunn v. Court of Common Pleas*, 10th Dist. No. 14AP-819, 2017-Ohio-7679, ¶ 5 (granting motion to

---

[1] Because Mr. Nyamusevya's amended complaint did not name as a party one of the respondents named in the original complaint, the Office of the Franklin County Sheriff Dallas Baldwin, that respondent is "dropped from the case." *Albrecht v. Franklin Cty. Court of Appeals of Ohio*, 10th Dist. No. 18AP-510, 2018-Ohio-4008, ¶ 15.  Accordingly, the June 8 and June 24, 2022 motions to dismiss filed by said respondent are overruled as moot.

dismiss claim for a writ of prohibition after concluding that the trial court had jurisdiction to rule on pending motions in a civil case).

{¶ 6}   Apart from the variation in reasoning, we adopt the decision of the magistrate in its entirety, grant respondents' motions, and dismiss the complaint.

*Motions granted; complaint dismissed.*

LUPER SCHUSTER and EDELSTEIN, JJ., concur.

_____

A P P E N D I X

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State ex rel. Leonard Nyamusevya,            :

      Relator,                                      :

v.                                           :                    No. 22AP-327

Franklin County Court of Common Pleas:       :            (REGULAR CALENDAR)
Honorable Judge Daniel R. Hawkins et al.,
                                             :
      Respondents.                                 :

                                             :

---

M A G I S T R A T E ' S   D E C I S I O N

Rendered on November 15, 2022

---

*Leonard Nyamusevya*, pro se.

*G. Gary Tyack,* Prosecuting Attorney, and *Charles R. Ellis,* for respondent Judge Daniel R. Hawkins.

*Dinsmore & Shohl LLP, Kara A. Czanik,* and *Harry W. Cappel,* for respondent CitiMortgage, Inc.

*Padgett Law Group,* and *Ellen L. Fornash,* for respondent Padgett Law Group.

---

IN PROHIBITION AND MANDAMUS
ON RESPONDENTS' MOTIONS TO DISMISS

{¶ 7} Over twelve years ago, respondent CitiMortgage, Inc. ("CitiMortgage") filed a foreclosure action against relator, Leonard Nyamusevya. The instant original action, in

which relator seeks the issuance of a writ of mandamus, writ of prohibition, or an alternative writ, is the latest in a long line of related cases. Respondents, Judge Daniel R. Hawkins of the Franklin County Court of Common Pleas, Franklin County Sheriff Dallas Baldwin, Padgett Law Group ("PLG"), and CitiMortgage (collectively, "respondents"), have filed motions to dismiss. Relator has also filed several pending motions. Due to the voluminous and overlapping litigation in various venues arising out of the foreclosure, the following findings of fact are organized by subject matter for avoidance of confusion.

## I. Findings of Fact:
### A. Foreclosure Action and First Original Action

{¶ 8}  1. CitiMortgage filed a complaint in foreclosure on relator's property at 2064 Worcester Court ("the Property") against relator and other parties, who are not parties to the instant matter, in the Franklin County Court of Common Pleas in case number 10CVE-09-13480 on September 14, 2010. On July 10, 2013, the common pleas court issued a decision granting CitiMortgage's motion for summary judgment. On May 20, 2014, the common pleas court issued a judgment and decree in foreclosure in favor of CitiMortgage in the amount sought in the complaint. In a decision rendered August 30, 2016, this court affirmed the judgment of the common pleas court granting summary judgment in favor of CitiMortgage but reversed in part, finding there existed "an issue of fact as to the amount owed on the loan at the time of default." *CitiMortgage, Inc. v. Nyamusevya*, 10th Dist. No. 14AP-464, 2016-Ohio-5588, ¶ 32 ("*Nyamusevya I*"), *discretionary appeal denied*, 149 Ohio St.3d 1407, 2017-Ohio-2822.

{¶ 9}  2. On remand, the common pleas court conducted a jury trial to determine the amount of money relator owed CitiMortgage, ultimately granting CitiMortgage's motion for directed verdict. On November 15, 2018, the common pleas court issued a decision entering judgment for CitiMortgage and a decree in foreclosure, which relator appealed to this court on December 12, 2018.

{¶ 10}  3. While his appeal from the November 15, 2018 judgment was pending, relator filed a complaint in mandamus and prohibition in this court on April 5, 2019. Relator sought a writ of mandamus to compel respondent Judge Hawkins to rule on and dispose of certain pending motions in the foreclosure action. Relator also sought a writ of

prohibition, contending the common pleas court lacked jurisdiction to proceed with the foreclosure action. In a decision rendered on April 28, 2020, this court dismissed relator's complaint for writ of mandamus and writ of prohibition. *State ex rel. Nyamusevya v. Hawkins*, 10th Dist. No. 19AP-199, 2020-Ohio-2690 ("*Nyamusevya II*").

{¶ 11} 4. In a decision rendered on October 22, 2020, this court affirmed the common pleas court's November 15, 2018 judgment and decree in foreclosure. *CitiMortgage, Inc. v. Nyamusevya*, 10th Dist. No. 18AP-949, 2020-Ohio-5024 ("*Nyamusevya III*").

{¶ 12} 5. On July 6, 2022, the common pleas court filed an entry confirming the sale of the Property, which relator appealed to this court on July 27, 2022. At present, such appeal remains pending before this court in case number 22AP-464.

## B. Bankruptcy Proceedings

{¶ 13} 6. While relator's first appeal was pending before this court, on August 18, 2014, relator filed a petition in federal bankruptcy court for the Southern District of Ohio. On August 3, 2015, the bankruptcy court dismissed the proceeding.

{¶ 14} 7. While relator's second appeal was pending before this court, on May 1, 2019, relator filed a second petition in federal bankruptcy court for the Southern District of Ohio, which resulted in a stay of his prior original action and the appeal from the November 15, 2018 foreclosure judgment.

{¶ 15} 8. On October 16, 2019, the bankruptcy trustee abandoned the Property. On November 21, 2019, the bankruptcy court entered a discharge order, terminating the automatic stay for bankruptcy under 11 U.S.C. 362. On November 26, 2019, the bankruptcy court entered an order rejecting relator's argument that the Property was not properly abandoned and denying CitiMortgage's motion for relief from stay as moot. On appeal, the Bankruptcy Appellate Panel for the Sixth Circuit held that there was no violation of due process in the abandonment of the Property. *Nyamusevya v. CitiMortgage, Inc.*, Bankr.6th Cir. No. 19-8027, 2021 Bankr. LEXIS 174 (Jan. 20, 2021). The Sixth Circuit Court of Appeals affirmed. *Nyamusevya v. CitiMortgage, Inc.*, 6th Cir. No. 21-3089, 2021 U.S. App. LEXIS 36933 (Dec. 14, 2021).

{¶ 16} 9. On May 31, 2022, the bankruptcy court denied relator's motion for contempt for violation of the discharge order against CitiMortgage and denied relator's

motion to void the foreclosure judgment. *In re Nyamusevya*, Bankr.S.D.Ohio No. 19-52868, 2022 Bankr. LEXIS 1637 (May 31, 2022). On September 21, 2022, the bankruptcy court found that CitiMortgage did not violate the automatic stay. *In re Nyamusevya*, Bankr.S.D.Ohio No. 19-52868, 2022 Bankr. LEXIS 2617 (Sept. 21, 2022).

**C. Current Action in Mandamus and Prohibition**

{¶ 17} 10. On June 7, 2022, relator filed a complaint in the instant case seeking expeditious writ of mandamus, prohibition, and alternative writ. Relator also filed an "expeditious motion for preliminary and permanent injunction order," an "expeditious ex-parte motion for urgent temporary restraining order under Civ.R. 65(A)," and a motion for leave to proceed in forma pauperis.

{¶ 18} 11. On June 8, 2022, this court filed a journal entry denying relator's motion for an ex parte temporary restraining order and granting relator's motion for leave to proceed in forma pauperis.

{¶ 19} 12. On June 23, 2022, CitiMortgage filed a memorandum in opposition to relator's June 7, 2022 motion for preliminary and permanent injunction.

{¶ 20} 13. On June 24, 2022, respondents Judge Hawkins and Sheriff Baldwin filed motions to dismiss relator's complaint pursuant to Civ.R. 12(B)(6).

{¶ 21} 14. On June 27, 2022, relator filed an amended complaint for "expeditious writ of mandamus and prohibition and alternative writ and other allowed reliefs."

{¶ 22} 15. On July 5, 2022, PLG filed a motion to dismiss relator's complaint pursuant to Civ.R. 12(B)(6). On July 6, 2022, CitiMortgage filed a motion to dismiss pursuant to Civ.R. 12(B)(6).

{¶ 23} 16. On July 7, 2022, relator filed a "motion for objection to [PLG's] unsupported and unwarranted July 05, 2022 motion to dismiss complaint and amended complaint." On July 8, 2022, relator filed an "expeditious motion to decline eviction from paid off entirely real property" and an "expeditious motion for clarification to block [CitiMortgage's] contentions."

{¶ 24} 17. On July 8, 2022, respondents Judge Hawkins and Sheriff Baldwin filed motions to dismiss relator's complaint pursuant to Civ.R. 12(B)(6).

{¶ 25} 18. On July 12, 2022, relator filed a "motion for objection to [CitiMortgage's] unsupported and unwarranted June 23, 2022 memorandum in opposition to motion for preliminary and permanent injunction order."

{¶ 26} 19. On July 14, 2022, CitiMortgage filed a response to relator's July 8, 2022 motion for clarification and July 12, 2022 motion for objection. On July 20, 2022, CitiMortgage filed a memorandum in opposition to relator's July 8, 2022 expeditious motion to decline eviction from paid off entirely real property.

{¶ 27} 20. On July 22, 2022, relator filed a "motion for objection" to CitiMortgage's July 6, 2022 motion to dismiss. On July 25, 2022, relator filed a "motion for objection" to Judge Hawkins's motions to dismiss, a "motion to substantiate that the 09/14/2010 foreclosure complaint was not an *in rem* complaint," and a "motion to substantiate that the 11/15/2018 foreclosure judgment was not an *in rem* judgment."

{¶ 28} 21. On July 27, 2022, CitiMortgage filed a response to relator's July 25, 2022 two "motion[s] to substantiate."

{¶ 29} 22. On October 19, 2022, relator filed an "emergency motion to stay the October 10, 2022 writ of possession pending the disposition for this case." On October 20, 2022, the magistrate filed an order denying relator's October 19, 2022 motion for stay.

## II. Discussion and Conclusions of Law:
### A. Motion to Dismiss and Judicial Notice

{¶ 30} A motion to dismiss for failure to state a claim is procedural and tests the sufficiency of the complaint itself and any attached documents. *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545 (1992), citing *Assn. for Defense of Washington Local School Dist. v. Kiger*, 42 Ohio St.3d 116, 117 (1989). Attachments to the complaint are considered part of the complaint for all purposes. Civ.R. 10(C).

{¶ 31} A court must presume all factual allegations contained in the complaint to be true and make all reasonable inferences in favor of the nonmoving party. *Red Foot Racing Stables v. Polhamus*, 10th Dist. No. 19AP-390, 2020-Ohio-592, ¶ 11, citing *State ex rel. Turner v. Houk*, 112 Ohio St.3d 561, 2007-Ohio-814, ¶ 5. "Before the court may dismiss the complaint, it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling the plaintiff to recovery." *Jones v. Dann*, 10th Dist. No. 09AP-352,

2009-Ohio-5976, ¶ 9, citing *O'Brien v. Univ. Community Tenants Union, Inc.,* 42 Ohio St.2d 242 (1975), syllabus. Provided there is a set of facts, consistent with the complaint, under which the complaining party could recover, a court may not grant a motion to dismiss for failure to state a claim. *Prime Invests., LLC v. Altimate Care, LLC,* 10th Dist. No. 20AP-526, 2022-Ohio-1181, ¶ 23, citing *York v. Ohio State Hwy. Patrol,* 60 Ohio St.3d 143, 145 (1991). However, a court need not accept as true any unsupported and conclusory legal propositions presented in the complaint. *Bullard v. McDonald's,* 10th Dist. No. 20AP-374, 2021-Ohio-1505, ¶ 11, citing *Morrow v. Reminger & Reminger Co. LPA,* 183 Ohio App.3d 40, 2009-Ohio-2665, ¶ 7 (10th Dist.).

{¶ 32} When determining whether a relator's complaint states a claim for a writ, a court may take judicial notice of the pleadings and orders in related cases when these are not subject to reasonable dispute insofar as they affect the current original action. Evid.R. 201(B); *State ex rel. Ohio Republican Party v. Fitzgerald,* 145 Ohio St.3d 92, 2015-Ohio-5056, ¶ 18; *State ex rel. Womack v. Marsh,* 128 Ohio St.3d 303, 2011-Ohio-229, ¶ 8. "Ohio courts may take judicial notice in 'writ action[s] without converting * * * [a] dismissal motion to a motion for summary judgment.' " *State ex rel. Mobley v. O'Donnell,* 10th Dist. No. 20AP-193, 2021-Ohio-715, ¶ 9, quoting *State ex rel. Nelson v. Russo,* 89 Ohio St.3d 227, 228 (2000). *See Pearson v. Columbus,* 10th Dist. No. 14AP-313, 2014-Ohio-5563, ¶ 17, quoting *State ex rel. Everhart v. McIntosh,* 115 Ohio St.3d 195, 2007-Ohio-4798, ¶ 10 (stating that a court is permitted to "take judicial notice of 'appropriate matters' in determining a Civ.R. 12(B)(6) motion without converting it to a motion for summary judgment").

**B. Writ of Prohibition**

{¶ 33} First, relator requests a writ of prohibition. A writ of prohibition is an extraordinary remedy from a court of superior jurisdiction and directed to an inferior court or tribunal commanding it to cease abusing or usurping judicial functions. *State ex rel. Jones v. Suster,* 84 Ohio St.3d 70, 73 (1998). The Supreme Court of Ohio has stated that a "writ of prohibition 'tests and determines "solely and only" the subject matter jurisdiction' of the lower court." *Id.,* quoting *State ex rel. Eaton Corp. v. Lancaster,* 40 Ohio St.3d 404, 409 (1988), quoting *State ex rel. Staton v. Common Pleas Court,* 5 Ohio St.2d 17, 21 (1965). In order for a writ of prohibition to be issued, a relator must establish that: (1) the

respondent is about to exercise judicial authority, (2) the exercise of such authority is not authorized by law, and (3) denying the writ would result in injury for which no other adequate remedy exists in the ordinary course of law. *State ex rel. Roush v. Montgomery*, 156 Ohio St.3d 351, 2019-Ohio-932, ¶ 5.

{¶ 34} In his amended complaint, relator asserts he is entitled to a writ of prohibition because the common pleas court lacked jurisdiction to proceed with the foreclosure action, specifically including the April 14, 2022 order of sale. Relator claims the common pleas court lacked jurisdiction to vacate the bankruptcy court's November 21, 2019 order of discharge. Relator also asserts the foreclosure judgment was not an in rem judgment and, therefore, did not survive the bankruptcy court's discharge order. Relator's claims are without merit.

{¶ 35} A court's jurisdiction refers to the court's authority to proceed or rule on cases within the court's subject-matter jurisdiction. *Bank of Am., N.A. v. Kuchta*, 141 Ohio St.3d 75, 2014-Ohio-4275, ¶ 19. Article IV, Section 4(B) of the Ohio Constitution confers "original jurisdiction over all justiciable matters * * * as may be provided by law" on the courts of common pleas. In R.C. 2305.01, the General Assembly authorized courts of common pleas to have "original jurisdiction in all civil cases in which the sum or matter in dispute exceeds the exclusive original jurisdiction of county courts." R.C. 2323.07 provides that "[w]hen a mortgage is foreclosed or a specific lien enforced, a sale of the property * * * shall be ordered by the court having jurisdiction." The Supreme Court of Ohio has held that "actions in foreclosure are within the subject-matter jurisdiction of a court of common pleas." *Kuchta* at ¶ 20.

{¶ 36} Here, relator pursued remedies in the ordinary course of law. As stated in this court's decision dismissing relator's previous complaint for prohibition and mandamus: "We decided relator's prior appeal and, therefore, have already ruled and implicitly determined the trial court had jurisdiction over the case." *Nyamusevya II* at ¶ 11. Thus, the question has already been conclusively settled, and under the doctrine of res judicata relator cannot again seek to obtain through an extraordinary writ a remedy that he has already been denied. *See Hughes v. Calabrese*, 95 Ohio St.3d 334, 2002-Ohio-2217, ¶ 12 (finding that res judicata barred a second prohibition action); *State ex rel. LTV Steel Co. v. Gwin*, 64 Ohio St.3d 245, 249 (1992) ("[E]xtraordinary writs may not be used as a

substitute for an otherwise barred second appeal or to gain successive appellate reviews of the same issue."). Permitting another collateral attack on the subject-matter jurisdiction of the common pleas court through prohibition would undermine the finality of the judgments in that case by permitting the endless relitigation of the court's jurisdiction when the relator has already had a full and fair opportunity to be heard. *See State ex rel. Peoples v. Johnson*, 152 Ohio St.3d 418, 2017-Ohio-9140, ¶ 13; *Ins. Corp. of Ireland., Ltd. v. Compagnie Des Bauxites De Guinee*, 456 U.S. 694, 702 (1982), fn. 9 ("A party that has had an opportunity to litigate the question of subject-matter jurisdiction may not, however, reopen that question in a collateral attack upon an adverse judgment. It has long been the rule that principles of res judicata apply to jurisdictional determinations -- both subject matter and personal.").

{¶ 37} In addition to his appeals from the foreclosure action to this court, relator also raised arguments related to foreclosure in the bankruptcy action. The Bankruptcy Appellate Panel for the Sixth Circuit stated that relator's "discharge precludes CitiMortgage from collecting its debt directly from [relator] himself (*in personam*) but does not prevent CitiMortgage from liquidating the [relator's] Property to satisfy the debt (*in rem*)." *Nyamusevya v. CitiMortgage*, 2021 Bankr. LEXIS 174. On appeal, the Sixth Circuit Court of Appeals reaffirmed that "the lien that CitiMortgage obtained during the pre-bankruptcy foreclosure proceedings survives the bankruptcy and was not extinguished by the abandonment or discharge." *Nyamusevya v. CitiMortgage,* 2021 U.S. App. LEXIS 36933. Furthermore, the Sixth Circuit stated that relator's "challenges to the lien in the bankruptcy court are merely an attempt to relitigate an issue already decided by the state court (i.e., the state court's finding that CitiMortgage's lien was valid and that it had the right to foreclose on the property)." *Id.*

{¶ 38} Relator again pursued the argument that CitiMortgage violated the bankruptcy discharge order in motions before the bankruptcy court, which were ruled on earlier this year. In its May 31, 2022 decision, the bankruptcy court stated:

> [Relator] appears to believe either that his bankruptcy discharge completely eliminated the mortgage lien on his house, or that because the prepetition judgment was both an *in rem* and an *in personam* judgment, it was somehow rendered invalid when he received his discharge in this case. He is wrong

> on both counts. The discharge eliminated his personal liability for the mortgage debt, but the lien remains on the house and is subject to a foreclosure by the lender.

*Nyamusevya*, 2022 Bankr. LEXIS 1637. The court further found that the November 15, 2018 foreclosure judgment of the common pleas court was entered before relator filed the petition for bankruptcy and stated that "there is nothing to prevent the lender from exercising its *in rem* rights by foreclosing the mortgage on [relator's] property." *Id.*

{¶ 39} These decisions are consistent with well-established precedent. As the Supreme Court of the United States has explained:

> A mortgage is an interest in real property that secures a creditor's right to repayment. But unless the debtor and creditor have provided otherwise, the creditor ordinarily is not limited to foreclosure on the mortgaged property should the debtor default on his obligation; rather, the creditor may in addition sue to establish the debtor's *in personam* liability for any deficiency on the debt and may enforce any judgment against the debtor's assets generally. A defaulting debtor can protect himself from personal liability by obtaining a discharge in a Chapter 7 liquidation. However, such a discharge extinguishes *only* the personal liability of the debtor. [T]he Code provides that a creditor's right to foreclose on the mortgage survives or passes through the bankruptcy.

(Emphasis sic.) (Internal citations and quotations omitted.) *Johnson v. Home State Bank*, 501 U.S. 78, 82-83 (1991).

{¶ 40} In sum, relator's claims regarding the subject-matter jurisdiction of the common pleas court are meritless and barred by res judicata. Because the common pleas court possessed jurisdiction over the foreclosure case, relator's claim for a writ of prohibition must be dismissed.

## C. Writ of Mandamus

{¶ 41} Next, relator claims he is entitled to a writ of mandamus. In order for a court to issue a writ of mandamus, a relator must establish (1) the relator has a clear legal right to the relief requested, (2) the respondents are under a clear legal duty to provide the relief, and (3) the relator has no plain and adequate remedy in the ordinary course of the law. *State ex rel. Berger v. McMonagle*, 6 Ohio St.3d 28, 29 (1983), citing *State ex rel. Harris v. Rhodes*, 54 Ohio St.2d 41, 42 (1978). "A complaint in mandamus states a claim if it alleges

'the existence of the legal duty and the want of an adequate remedy at law with sufficient particularity so that the respondent is given reasonable notice of the claim asserted.' " *State ex rel. Bush*, 42 Ohio St.3d 77, 80 (1989), quoting *State ex rel. Alford v. Willoughby*, 58 Ohio St.2d 221, 224 (1979). "It is firmly established that the writ of mandamus will not issue '* * * where the relator has or had available a clear, plain and adequate remedy in the ordinary course of the law.' " *Berger* at 30, quoting *State ex rel. Sibarco Corp. v. Berea*, 7 Ohio St.2d 85, 88 (1966). *See State ex rel. Cartwright v. Ohio Adult Parole Bd.*, 10th Dist. No. 20AP-62, 2021-Ohio-923, ¶ 7, citing *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545, 548 (1992). *See also State ex rel. Washington v. D'Apolito*, 156 Ohio St.3d 77, 2018-Ohio-5135, ¶ 7, quoting *State ex rel. Edwards v. Toledo City School Dist. Bd. of Edn.*, 72 Ohio St.3d 106, 109 (1995) (stating that " 'a claim that a relator possesses an adequate legal remedy precluding a writ of mandamus seeks an adjudication on the merits' and that 'a Civ.R. 12(B)(6) dismissal based upon the merits is unusual and should be granted with caution' ").

{¶ 42} The basis for relator's mandamus claim is somewhat unclear from the text of his amended complaint. Generally, mandamus will not issue where there is a plain and adequate remedy in the ordinary course of the law. R.C. 2731.05. Nevertheless, if "declaratory judgment would not be a complete remedy unless coupled with ancillary extraordinary relief in the nature of a *mandatory* injunction, the availability of declaratory judgment does not preclude a writ of mandamus." (Emphasis added.) *State ex rel. Arnett v. Winemiller*, 80 Ohio St.3d 255, 259 (1997). Where the real objects sought in a complaint are a declaratory judgment and a prohibitory injunction, then the complaint does not state a claim in mandamus and must be dismissed for lack of jurisdiction. *State ex rel. Grendell v. Davidson*, 86 Ohio St.3d 629, 634 (1999); *State ex rel. Gadell-Newton v. Husted*, 153 Ohio St.3d 225, 2018-Ohio-1854, ¶ 10.

{¶ 43} The Supreme Court of Ohio has explained the difference between the two forms of injunction as follows: "a prohibitory injunction is used to prevent a future injury, but a mandatory injunction is used to remedy past injuries." *State ex rel. Gen. Motors Corp. v. Indus. Comm.*, 117 Ohio St.3d 480, 2008-Ohio-1593, ¶ 12. A court ascertains which form of injunctive relief is being sought by "examining the complaint to determine whether it

actually seeks to prevent, rather than compel, official action." *State ex rel. Evans v. Blackwell*, 111 Ohio St.3d 437, 2006-Ohio-5439, ¶ 20.

**{¶ 44}** Here, it appears relator seeks a mandatory injunction to void the common pleas court's foreclosure judgment, entry confirming sale, and several other orders. Relator argues he is entitled to an order against respondents "which orders directly the Franklin County Ohio Recorder's Office to record a copy of the said Order of Permanent Injunction, which shall act as a full release of the deed of trust representing the wholly satisfaction of the CitiMortgage, Inc.'s mortgage claim or lien against the Relator-Plaintiff's real property." (Sic.) (Am. Compl. at 46.) Relator claims that the foreclosure judgment is void because it was "wholly satisfied and paid off entirely and was extinguished and was unenforceable." (Am. Compl. at 4.)

**{¶ 45}** As this court found in *Nyamusevya III*, relator "had the opportunity to present evidence on the issue of how much money he owed CitiMortgage at the trial conducted November 5, 2018." *Nyamusevya III* at ¶ 23. In that decision, this court affirmed the common pleas court's foreclosure judgment finding the common pleas court "properly applied the law to conclude that CitiMortgage had stated its motion for a directed verdict with specificity, had provided sufficient evidence of the amount Nyamusevya owed CitiMortgage, and Nyamusevya had not rebutted that evidence." *Id*. at ¶ 27. To the extent there was error in subsequent proceedings before the common pleas court, relator has the opportunity to challenge such error in his pending appeal from the court's July 6, 2022 entry confirming sale. Thus, relator availed himself of an opportunity to challenge the foreclosure judgment in the ordinary course of law and is pursuing an adequate remedy at law through his challenge to the entry confirming sale. As a result, mandamus will not lie.

**{¶ 46}** Relator also seeks a writ compelling the court of common pleas to rule on pending motions. Although procedendo is the more appropriate remedy, "mandamus will lie when a trial court has refused to render, or unduly delayed rendering, a judgment." *State ex rel. Reynolds v. Basinger*, 99 Ohio St.3d 303, 2003-Ohio-3631, ¶ 5. However, "neither procedendo nor mandamus will compel the performance of a duty that has already been performed." *State ex rel. Kreps v. Christiansen*, 88 Ohio St.3d 313, 318 (2000), citing *State ex rel. Grove v. Nadel*, 84 Ohio St.3d 252, 253 (1998). It is difficult to discern from relator's complaint which motions he asserts are still pending before the common pleas court. When

a trial court does not expressly rule on pending motions upon entering final judgment, such motions are deemed implicitly denied. *Mariner Fin., L.L.C. v. Childs*, 10th Dist. No. 21AP-19, 2021-Ohio-3935, ¶ 10, citing *Crown Chrysler Jeep, Inc. v. Boulware*, 10th Dist. No. 15AP-162, 2015-Ohio-5084, ¶ 27. Here, the trial court entered its entry confirming sale on July 6, 2022, which relator has appealed to this court. By entering judgment, the common pleas court has implicitly ruled on the pending prejudgment motions. As a result, relator's request to rule on pending motions has become moot and must be dismissed. Moreover, insofar as the common pleas court erred with regard to such motions, relator's pending appeal before this court from the common pleas court's final judgment demonstrates that relator has an adequate remedy at law thereby precluding mandamus.

## D. Alternative Writ

{¶ 47} Finally, relator has requested an alternative writ. The Supreme Court of Ohio has described potential paths that can be taken in a mandamus case under its Rules of Practice, including dismissal, an alternative writ, or peremptory writ:

> Dismissal is required when it appears beyond doubt, after presuming the truth of all material factual allegations of the complaint and making all reasonable inferences in [the relator's] favor, that she is not entitled to the requested extraordinary relief in mandamus. If, however, after so construing [the relator's] complaint, it appears that her mandamus claim may have merit, an alternative writ should be granted and a schedule for the presentation of evidence and briefs should be issued. Finally, if the pertinent facts are uncontroverted and it appears beyond doubt that [the relator] is entitled to the requested writ, we will issue a peremptory writ of mandamus.

(Internal citations omitted.) *State ex rel. Highlander v. Rudduck*, 103 Ohio St.3d 370, 2004-Ohio-4952, ¶ 8. *See State ex rel. Richland Cty. v. Richland Cty. Court of Common Pleas*, 152 Ohio St.3d 421, 2017-Ohio-9160, ¶ 20; *State ex rel. Mason v. Burnside*, 117 Ohio St.3d 1, 2007-Ohio-6754, ¶ 8; S.Ct.Prac.R. 12.04(C) ("After the time for filing an answer to the complaint or a motion to dismiss, the Supreme Court will dismiss the case; issue an alternative or a peremptory writ, if a writ has not already been issued; or deny the request for the writ.").

{¶ 48} The alternative writ, under the Supreme Court of Ohio's Rules of Practice, "now functions as a court-ordered evidence and briefing schedule, which manifests the expectation that the relator's claim for the writ 'may have merit.' " *State ex rel. Morley v. Lordi*, 72 Ohio St.3d 510, 514 (1995). *See* S.Ct.Prac.R. 12.05 ("If an alternative writ is issued, the Supreme Court will issue a schedule for the presentation of evidence and the filing and service of briefs or other pleadings."). In comparison to the Supreme Court of Ohio's Rules of Practice, the Local Rules of the Tenth District Court of Appeals provide the following with regard to the issuance of alternative writs: "In the absence of extraordinary circumstances, no alternative writ will be issued in an original action, other than a habeas corpus action." Loc.R. 13(C). Generally, in original actions other than habeas corpus actions, following the service of the respondent's answer, this court issues orders providing an evidence and briefing schedule.

{¶ 49} Having found that relator can prove no set of facts entitling him to relief in the form of either a writ of prohibition or mandamus, relator's request for an alternative writ is moot. Moreover, pursuant to Loc.R. 13(C), relator is not entitled to an alternative writ because no extraordinary circumstances are present in this case.

## E. Conclusion

{¶ 50} Relator's July 8, 2022 "expeditious motion to decline eviction from paid off entirely real property," July 8, 2022 "expeditious motion for clarification to block [CitiMortgage's] contentions," July 25, 2022 "motion to substantiate that the 09/14/2010 foreclosure complaint was not an *in rem* complaint," and July 25, 2022 "motion to substantiate that the 11/15/2018 foreclosure judgment was not an *in rem* judgment" are rendered moot. Additionally, relator filed several documents captioned "motion for objection," which appear to be responses to respondents' motions to dismiss. As responses, no action is required; however, to the extent that such filings are considered motions, they are rendered moot. Therefore, relator's July 7, 2022, July 12, 2022, July 22, 2022, and July 25, 2022 motions for objection are moot. Accordingly, it is the decision and recommendation of the magistrate that respondents' motions to dismiss should be granted and relator's complaint dismissed.

/S/ MAGISTRATE
JOSEPH E. WENGER IV

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).