[Cite as *State ex rel. Roush v. Montgomery*, 2018-Ohio-2098.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Robert B. Roush, | : | |
| Relator, | : | |
| v. | : | No. 17AP-791 |
| Robert G. Montgomery, Judge, Franklin County Probate Court, | : | (REGULAR CALENDAR) |
| Respondent. | : | |
| | : | |

---

D E C I S I O N

Rendered on May 31, 2018

---

**On brief**: *Robert B. Roush,* pro se.

**On brief**: *Ron O'Brien*, Prosecuting Attorney, and *Arthur J. Marziale, Jr.,* for respondent.

---

IN PROHIBITION AND/OR MANDAMUS
ON OBJECTIONS TO THE MAGISTRATE'S DECISION

BROWN, P.J.

{¶1} Relator, Robert B. Roush, an inmate of the Ross Correctional Institution ("RCI"), requests a writ of prohibition and/or mandamus ordering respondent, the Honorable Robert G. Montgomery, Judge of the Franklin County Probate Court to dismiss an adoption proceeding in which the adoption petitioner claims relator's consent to the adoption is not required under R.C. 3107.07(A). Judge Montgomery has filed a motion to dismiss.

{¶2} This matter was referred to a court-appointed magistrate pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals. The magistrate has issued the appended decision, including findings of fact and conclusions of law, and has

recommended this court grant the motion to dismiss filed by Judge Montgomery. Relator has filed objections to the magistrate's decision.

{¶3}    In order to obtain a writ of mandamus, relator would be required to demonstrate that: (1) he has a clear legal right to the relief prayed for, (2) Judge Montgomery is under a clear legal duty to perform the act requested, and (3) relator has no plain and adequate remedy in the ordinary course of law. *State ex rel. Thompson v. Ohio Adult Parole Auth.*, 10th Dist. No. 10AP-24, 2011-Ohio-429, ¶ 23, citing *State ex rel. Berger v. McMonagle*, 6 Ohio St.3d 28, 29 (1983).

{¶4}    A writ of prohibition is an extraordinary judicial writ issuing out of a court of superior jurisdiction and directed to an inferior tribunal commanding it to cease abusing or usurping judicial functions. *State ex rel. Jones v. Suster*, 84 Ohio St.3d 70, 73 (1998). In other words, the purpose of the writ of prohibition is to restrain inferior courts and tribunals from exceeding their jurisdiction. *Id.* For the writ of prohibition to issue, the relator must prove that: (1) the lower court is about to exercise judicial authority, (2) the exercise of authority is not authorized by law, and (3) the relator has no other adequate remedy in the ordinary course of law if a writ of prohibition is denied. *State ex rel. Keenan v. Calabrese*, 69 Ohio St.3d 176, 178 (1994).

{¶5}    With regard to Judge Montgomery's motion to dismiss relator's request for a writ of prohibition, the magistrate found that: (1) the probate court has jurisdiction to render a determination under R.C. 3107.07(A) as to whether relator has failed without justifiable cause to provide more than de minimis contact with the minor for a period of at least one year, and (2) should the probate court render a determination pursuant to R.C. 3107.07(A) that is unfavorable to relator, he has an adequate remedy at law by way of appeal. With regard to Judge Montgomery's motion to dismiss relator's request for a writ of mandamus, the magistrate found that mandamus cannot be used to control judicial discretion, and relator seeks to control Judge Montgomery's judicial discretion in determining whether relator's consent to the adoption is required under R.C. 3107.07(A).

{¶6}    In his objections, relator argues the following: (1) a writ will lie to compel compliance with a statute or other legal provision, and Judge Montgomery has exceeded his authority by ruling counter to statute, and (2) an appeal of Judge Montgomery's decision is not a plain and adequate remedy because following the normal appellate

procedure would mean the adoption would have already been ordered, relator would have lost all parental rights, and relator would be forced to await lengthy appeals.

{¶7}    After reviewing relator's objections, we find the magistrate properly granted Judge Montgomery's motion to dismiss. Relator admitted in his memorandum contra Judge Montgomery's motion to dismiss that he was already a party to the adoption proceedings before Judge Montgomery. Thus, he can adequately represent his rights in those proceedings and appeal any adverse decision. That an appeal would not afford instant relief, as a writ would, does not render the right of appeal an inadequate remedy. *State ex rel. Casey Outdoor Advertising, Inc. v. Ohio Dept. of Transp.*, 61 Ohio St.3d 429, 432 (1991), citing *State ex rel. Willis v. Sheboy*, 6 Ohio St.3d 167 (1983), paragraph one of the syllabus (the inconvenience of a delay does not render an appeal an inadequate remedy for purposes of seeking an extraordinary writ). *See also State ex rel. D.H. v. Gorman*, 2d Dist. No. 27067, 2016-Ohio-5269, citing *State ex rel. McGinty v. Eighth Dist. Court of Appeals*, 142 Ohio St.3d 100, 2015-Ohio-937, ¶ 16 (the delay inherent in an appeal does not render that appeal an inadequate remedy). Furthermore, although relator argues Judge Montgomery has violated a statute, the adoption case remains pending before the probate court, and any argument he has with regard to that court's power under a particular statute may be asserted before that court. Insomuch as relator may be anticipating an allegedly erroneous and adverse judgment, a writ will not be awarded to prevent an anticipated erroneous judgment when a court has full and complete jurisdiction of the subject-matter of the action pending. *State ex rel. Caley v. Tax Comm. of Ohio*, 129 Ohio St. 83, 88 (1934), citing *State ex rel. Carmody v. Justice*, 114 Ohio St. 94 (1926). A probate court clearly has authority to determine an adoption and render a determination pursuant to R.C. 3107.07(A).  *See In re Adoption of Pushcar*, 110 Ohio St.3d 332, 2006-Ohio-4572, ¶ 9 (holding that it is well-established that the original and exclusive jurisdiction over adoption proceedings is vested in the probate court). Therefore, for the foregoing reasons, we find relator's objections without merit.

{¶8}    Accordingly, after an examination of the magistrate's decision, an independent review of the record pursuant to Civ.R. 53, and due consideration of relator's objections, we overrule his objections and adopt the magistrate's findings of fact and

conclusions of law. Judge Montgomery's motion to dismiss is granted and the action is dismissed.

*Objections overruled; action dismissed.*

LUPER SCHUSTER and BRUNNER, JJ., concur.

_____

APPENDIX

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| The State ex rel. Robert B. Roush, | : | |
| Relator, | : | |
| v. | : | No. 17AP-791 |
| Robert G. Montgomery, Judge, Franklin County Probate Court, | : | (REGULAR CALENDAR) |
| | : | |
| Respondent. | : | |
| | : | |

---

MAGISTRATE'S DECISION

Rendered on January 19, 2018

---

*Robert B. Roush,* pro se.

*Ron O'Brien,* Prosecuting Attorney, and *Arthur J. Marziale Jr.,* for respondent.

---

IN PROHIBITION AND/OR MANDAMUS
ON RESPONDENT'S MOTION TO DISMISS

{¶9} In this original action, relator, Robert B. Roush, an inmate of the Ross Correctional Institution ("RCI") requests a writ of prohibition and/or mandamus ordering respondent, the Honorable Robert G. Montgomery, the Judge of the Franklin County Probate Court ("respondent" or "Judge Montgomery") to dismiss an adoption proceeding in which the adoption petitioner claims that relator's consent to the adoption is not required under R.C. 3107.07(A).

Findings of Fact:

{¶10} 1. On November 13, 2017, relator, an RCI inmate, filed this original action requesting this court issue writs of prohibition and/or mandamus ordering Judge

Montgomery to dismiss an adoption proceeding pending in his court in which relator is allegedly the "biological father" of a child who is the subject of the adoption petition.

{¶11} 2. In his complaint, at paragraph ten, relator alleges:

> THE ONLY ARGUMENT BY THE PARTY SEEKING TO ADOPT THE CHILD OF RELATOR IS: They allege that Relator Roush's failure to maintain contact was of his own making, and that the fact that his ex (the other natural parent) placed a Cease and Decease Contact Order (CDO) with the Corrections Officials was not an acceptable reason for the no contact. But there is no available evidence that could substantiate that allegation, because we cannot demand that Relator do what the Government Authorities will not allow him to do. Roush [has] sent repeated letters to his child, but to no avail due to the CDO. Moreover, there is the issue that Relator is incarcerated, and therefore, to be held as his own fault that the incarceration prevents the contact.

{¶12} 3. On November 28, 2017, Judge Montgomery filed a motion to dismiss this original action.

{¶13} 4. On December 7, 2017, relator filed a memorandum in opposition to respondent's motion to dismiss. In his memorandum in opposition, relator asserts:

> Respondent alleges, incorrectly, that Roush has an adequate remedy if he were to "seek to intervene" in the pending adoption action below. Presumably under Civ.R. 24. However, Roush is the biological father of the child who is the subject to that action, and secondly, Roush has [already] been a direct participant in that adoption case since it was commenced. Thus Roush is [already] a party. Roush has participated in that Court's He[a]rings, via teleconference, and another such Hearing is currently set for Dec. 05, 2017, (with Roush to be present via telephone).

{¶14} 5. Respondent has not filed a reply pursuant to Loc.R. 13(E).

<u>Conclusions of Law</u>:

{¶15} It is the magistrate's decision that this court grant respondent's motion to dismiss.

## The Probate Court

{¶16} Original and exclusive jurisdiction over adoption proceedings is vested specifically in the probate court pursuant to R.C. Chapter 3107. *State ex rel. Portage Cty. Welfare Dept. v. Summers,* 38 Ohio St.2d 144 (1974), paragraph two of the syllabus.

{¶17} R.C. 3107.06 provides that the probate court may grant a petition to adopt a minor "only if written consent to the adoption has been executed by all" of the persons identified in the statute. The father of the minor is among those listed in the statute that must give written consent. Also listed is the mother of the minor, the putative father, and the minor, if more than 12 years of age.

{¶18} R.C. 3107.07 provides when a consent to adoption is not required. R.C. 3107.07(A) provides:

> A parent of a minor, when it is alleged in the adoption petition and the court, after proper service of notice and hearing, finds by clear and convincing evidence that the parent has failed without justifiable cause to provide more than de minimis contact with the minor or to provide for the maintenance and support of the minor as required by law or judicial decree for a period of at least one year immediately preceding either the filing of the adoption petition or the placement of the minor in the home of the petitioner.

## Motion to Dismiss

{¶19} A Civ.R. 12(B)(6) motion to dismiss tests the sufficiency of the complaint. *State ex rel. Boggs v. Springfield Local School Dist. Bd. of Edn.*, 72 Ohio St.3d 94 (1995) citing *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545 (1992).

{¶20} In reviewing the complaint, this court must take all the material allegations as admitted and construe all reasonable inferences in favor of relator. *Id.*

{¶21} In order for a court to dismiss a complaint for failure to state a claim on which relief can be granted, it must appear beyond doubt from the complaint that the plaintiff/relator can prove no set of facts entitling him or her to recover. *O'Brien v. Univ. Community Tenants Union*, 42 Ohio St.2d 242 (1975).

## Prohibition

{¶22} A writ of prohibition is an extraordinary judicial writ issuing out of a court of superior jurisdiction and directed to an inferior tribunal commanding it to cease

abusing or usurping judicial functions. *State ex rel. Jones v. Suster*, 84 Ohio St.3d 70, 73 (1998). In other words, the purpose of a writ of prohibition is to restrain inferior courts and tribunals from exceeding their jurisdiction. *Id.*

{¶23} A writ of prohibition "tests and determines 'solely and only' the subject matter jurisdiction" of the lower court. *State ex rel. Eaton Corp. v. Lancaster*, 40 Ohio St.3d 404, 409 (1988); *Suster* at 73.

{¶24} As a general rule, in order for a writ of prohibition to issue, the relator must prove that: (1) the lower court is about to exercise judicial authority; (2) the exercise of authority is not authorized by law; and (3) the relator has no other adequate remedy in the ordinary course of law if a writ of prohibition is denied. *State ex rel. Keenan v. Calabrese*, 69 Ohio St.3d 176, 178 (1994).

{¶25} If an inferior court is without jurisdiction whatsoever to act, the availability or adequacy of a remedy of appeal to prevent the resulting injustice is immaterial to the exercise of supervisory jurisdiction by a superior court to prevent usurpation of jurisdiction by the inferior court. *State ex rel. Adams v. Gusweiler*, 30 Ohio St.2d 326, 329 (1972).

{¶26} It is clear from the complaint that relator seeks to prevent or prohibit the probate court from entering a determination under R.C. 3107.07(A) that he "has failed without justifiable cause to provide more than de minimis contact with the minor * * * for a period of at least one year immediately preceding either the filing of the adoption petition or the placement of the minor in the home of the petitioner."

{¶27} There can be no doubt that the probate court has subject matter jurisdiction to render an R.C. 3107.07(A) determination. Therefore, prohibition cannot lie. *Eaton Corp.* at 409.

{¶28} Moreover, it is also clear that, should the probate court render an R.C. 3107.07(A) determination that is unfavorable to relator, he has an adequate remedy at law by way of an appeal of that determination.

{¶29} Accordingly, relator has failed to state a claim on which relief can be granted in prohibition.

## Mandamus

{¶30} It is well-settled that in order for a writ of mandamus to issue the relator must demonstrate (1) that he has a clear legal right to the relief prayed for; (2) that the respondent is under a clear legal duty to perform the acts; and (3) that relator has no plain and adequate remedy in the ordinary course of law. *State ex rel. Berger v. McMonagle*, 6 Ohio St.3d 28, 29 (1983).

{¶31} Neither mandamus nor procedendo can be used to control judicial discretion, even if that discretion is abused. *State ex rel. Culgan v. Collier,* 132 Ohio St.3d 394, 2012-Ohio-2916, citing *State ex rel. Fontanella v. Kontos,* 117 Ohio St.3d 514, 2008-Ohio-1431.

{¶32} Here, as clearly indicated by his complaint, relator seeks to prevent respondent from entering an R.C. 3107.07(A) determination that is unfavorable to him. That is, by this original action, relator endeavors to prohibit respondent from entering a finding that relator's consent to the adoption is not required under R.C. 3107.07(A). Thus, it is clear beyond doubt that, through this original action, relator seeks to control respondent's judicial discretion. It follows that the complaint fails to state a claim on which relief in mandamus may be granted.

{¶33} Accordingly, for all the above reasons, it is the magistrate's decision that this court grant respondent's motion to dismiss.

/S/ MAGISTRATE
KENNETH W. MACKE

## NOTICE TO THE PARTIES

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).