[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Simpson v. Melnick*, Slip Opinion No. 2023-Ohio-3864.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2023-OHIO-3864

THE STATE EX REL. SIMPSON, APPELLANT, *v.* MELNICK, JUDGE, APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Simpson v. Melnick*, Slip Opinion No. 2023-Ohio-3864.]

*Mandamus—Prohibition—Writ of prohibition sought to prevent common-pleas-court judge from exercising jurisdiction in contempt proceedings, but complaint failed to state a valid claim in prohibition—Writ of mandamus sought jury trial in contempt proceedings—Generally, there is no right to a jury trial in contempt proceedings unless a long term of imprisonment is involved—Relator has adequate remedy in ordinary course of law by appealing an adverse judgment in contempt proceedings—Motion to dismiss under Civ.R. 12(B)(6) was correctly granted—Court of appeals' judgment affirmed.*

(No. 2023-0504—Submitted August 22, 2023—Decided October 26, 2023.)

APPEAL from the Court of Appeals for Montgomery County, No. 29554, 2023-Ohio-1236.

_____

**Per Curiam.**

{¶ 1} Appellant, Charles J. Simpson, appeals the Second District Court of Appeals' judgment dismissing his complaint for writs of mandamus and prohibition. Because Simpson failed to state a valid claim for either writ, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

{¶ 2} This case arises from a postjudgment contempt motion filed against Simpson in *Grande Voiture D'Ohio La Societe Des 40 Hommes Et 8 Chevaux v. Montgomery Cty. Voiture No. 34 La Societe Des 40 Hommes Et 8 Chevaux*, Montgomery C.P. case No. 2018 CV 01457. Simpson is a defendant in that case. Appellee, Montgomery County Court of Common Pleas Judge Kimberly A. Melnick, is the judge assigned to that case. The plaintiff in that case ("Grande Voiture") filed a motion for an order finding Simpson in contempt of the trial court's order granting declaratory and injunctive relief in Grande Voiture's favor. In response to Grande Voiture's contempt motion, Simpson filed an answer, counterclaim, and jury demand. Judge Melnick granted Grande Voiture's motion to strike Simpson's answer and counterclaim because Grande Voiture's contempt motion was not a pleading—i.e., a complaint—to which a responsive pleading from Simpson was permitted. Judge Melnick also struck the jury demand on the basis that there is no right to a jury trial in contempt proceedings.

{¶ 3} Simpson filed an original action in the court of appeals, seeking a peremptory writ of prohibition forbidding Judge Melnick from proceeding with the contempt hearing without allowing a jury trial and without considering the answer and counterclaim. The court sua sponte denied Simpson's request for a peremptory writ. 2023-Ohio-1236, ¶ 9, fn. 4. The court further noted that Simpson's prayer for relief had not requested a permanent writ of prohibition, stating that "to the extent that Simpson [sought] a permanent writ of prohibition, his claim [had] no merit." *Id.*

2

{¶ 4} In the complaint, Simpson also requested a writ of mandamus compelling Judge Melnick to proceed "by jury trial" on the issues and claims of the parties in the case before her. Judge Melnick filed a motion to dismiss under Civ.R. 12(B)(6), which Simpson opposed. The court of appeals granted the motion to dismiss, holding that Simpson could prove no set of facts entitling him to relief in mandamus. 2023-Ohio-1236 at ¶ 9. Simpson appealed to this court as of right.

## ANALYSIS

### Prohibition Claim

{¶ 5} To be entitled to a writ of prohibition, Simpson must establish that (1) Judge Melnick is about to exercise or has exercised judicial power, (2) Judge Melnick's exercise of that power is unauthorized by law, and (3) denial of the writ would result in injury for which no adequate remedy exists in the ordinary course of law. *State ex rel. Jones v. Paschke*, 168 Ohio St.3d 93, 2022-Ohio-2427, 195 N.E.3d 1031, ¶ 6. Simpson is not required to satisfy the third element if Judge Melnick patently and unambiguously lacks jurisdiction. *Id.*

{¶ 6} Simpson's complaint does not state a valid claim in prohibition. "Prohibition will generally lie only for an absence of subject-matter jurisdiction." *State ex rel. Nyamusevya v. Hawkins*, 165 Ohio St.3d 22, 2021-Ohio-1122, 175 N.E.3d 495, ¶ 16. In this case, Simpson is not challenging Judge Melnick's subject-matter jurisdiction to adjudicate the contempt matter before her. Nor could he: the trial court has both the statutory authority under R.C. 2705.02(A) and the inherent power to punish the disobedience of its orders in contempt proceedings. *Zakany v. Zakany*, 9 Ohio St.3d 192, 459 N.E.2d 870 (1984), syllabus. Rather than attacking subject-matter jurisdiction, Simpson is arguing that Judge Melnick lacks authority to hold contempt proceedings without considering his answer and counterclaim and without honoring his jury demand. With these arguments, Simpson is contending that Judge Melnick erred in her exercise of jurisdiction, for which a writ of prohibition will not lie. *See State ex rel. Sponaugle v. Hein*, 153 Ohio St.3d 560,

2018-Ohio-3155, 108 N.E.3d 1089, ¶ 24. The court of appeals correctly denied Simpson's peremptory prohibition claim.

*Mandamus Claim*

**{¶ 7}** This court reviews de novo a court of appeals' Civ.R. 12(B)(6) dismissal of an extraordinary-writ action. *State ex rel. Zander v. Judge of Summit Cty. Common Pleas Court*, 156 Ohio St.3d 466, 2019-Ohio-1704, 129 N.E.3d 401, ¶ 4. Dismissal of a mandamus complaint is appropriate if, taking all factual allegations in the complaint as true, it appears beyond doubt that the relator can prove no set of facts warranting relief. *Id.*

**{¶ 8}** To obtain a writ of mandamus, Simpson must demonstrate (1) a clear legal right to the relief requested, (2) a clear legal duty on Judge Melnick's part to perform the requested act, and (3) the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Cherry v. Breaux*, 169 Ohio St.3d 376, 2022-Ohio-1885, 205 N.E.3d 450, ¶ 8. Simpson contends that he has a clear legal right to a jury trial in the contempt proceeding. His argument lacks merit in this case.

**{¶ 9}** Generally, there is no right to a jury trial in contempt proceedings unless "a long term of imprisonment is involved." *Cincinnati v. Cincinnati Dist. Council 51, Am. Fedn. of State, Cty., & Mun. Emps., AFL-CIO*, 35 Ohio St.2d 197, 202, 299 N.E.2d 686 (1973). Simpson does not allege any set of facts in his complaint to suggest that imprisonment, much less a long term of imprisonment, is a possible contempt sanction. Indeed, the record before us reveals that Grande Voiture sought monetary contempt sanctions.

**{¶ 10}** Moreover, Simpson has an adequate remedy in the ordinary course of the law: he may appeal an adverse judgment in the contempt proceeding. "[A]ppealing a contempt order is an adequate remedy at law which will result in denial of the writ." *State ex rel. Mancino v. Campbell*, 66 Ohio St.3d 217, 220, 611 N.E.2d 319 (1993).

**CONCLUSION**

{¶ 11} For the foregoing reasons, the court of appeals correctly rejected Simpson's peremptory prohibition claim. Simpson also failed to state a valid claim for relief in mandamus. We therefore affirm the Second District Court of Appeals' judgment.

Judgment affirmed.

KENNEDY, C.J., and FISCHER, DEWINE, DONNELLY, STEWART, BRUNNER, and DETERS, JJ., concur.

————————————

Charles J. Simpson, pro se.

Mathias H. Heck, Jr., Montgomery County Prosecuting Attorney, and Anu Sharma, Assistant Prosecuting Attorney, for appellee.

————————————