[Cite as *1298 Atcheson 1/2, L.L.C. v. Sperlazza*, 2025-Ohio-5422.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| 1298 Atcheson ½ LLC, | : | |
| Relator, | : | |
| v. | : | No. 25AP-449 |
| Franklin County Common Pleas Court Judge Bill Sperlazza, | : | (REGULAR CALENDAR) |
| | : | |
| Respondent. | : | |
| | : | |

D E C I S I O N

Rendered on December 4, 2025

*Joy L. Marshall*, for relator.

*Shayla D. Favor*, Prosecuting Attorney, and *Jennifer P. Warmolts*, for respondent.

IN PROHIBITION
ON RESPONDENT'S MOTION TO DISMISS

BEATTY BLUNT, J.

{¶ 1} Relator, 1298 Atcheson ½ LLC, has filed a complaint for writ of prohibition against respondent, Judge Bill Sperlazza of the Franklin County Court of Common Pleas. Relator requests this court to dismiss a case pending before respondent and prevent respondent from making further rulings in that case, which allegedly involves a land contract dispute and contempt proceedings. Relator has also filed a motion for preliminary injunction. Respondent has filed a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Civ.R. 12(B)(6).

{¶ 2} Pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals, this matter was referred to a magistrate. The magistrate considered the action on its merits

and issued a decision, including findings of fact and conclusions of law, which is appended hereto. The magistrate concluded that relator cannot show that the trial court patently and unambiguously lacks jurisdiction in the underlying matter. The magistrate further found that relator's request that the underlying complaint be dismissed must be denied because even if it were possible to grant such relief in prohibition, it would not be appropriate in this case as relator cannot establish the elements necessary to be entitled to relief in prohibition. Finally, the magistrate concluded that relator's request for a preliminary injunction must be denied because this court does not possess original jurisdiction to consider or grant prohibitory injunctions. Accordingly, the magistrate recommended this court grant the motion to dismiss filed by respondents, deny relator's motion for preliminary injunction, and dismiss relator's complaint and action.

{¶ 3} No objections have been filed to the magistrate's decision. "If no timely objections are filed, the court may adopt a magistrate's decision, unless it determines that there is an error of law or other defect evident on the face of the magistrate's decision." Civ.R. 53(D)(4)(c).

{¶ 4} Upon review, we have found no error in the magistrate's findings of fact or conclusions of law or other defect evident on the face of the magistrate's decision. Therefore, we adopt the magistrate's decision as our own, including the findings of fact and the conclusions of law therein, and conclude that relator has not shown it is entitled to a writ of prohibition, is not entitled to a preliminary injunction, and the action must be dismissed.

*Writ of prohibition denied*;
*complaint dismissed.*

DORRIAN and MENTEL, JJ., concur.

————————————

**APPENDIX**

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| 1298 Atcheson ½ LLC, | : | |
| Relator, | : | |
| v. | : | No. 25AP-449 |
| Franklin County Common Pleas Court, | : | (REGULAR CALENDAR) |
| Respondent. | : | |

MAGISTRATE'S DECISION

Rendered on August 28, 2025

*Joy L. Marshall*, for relator.

*Shayla D. Favor*, Prosecuting Attorney, and *Jennifer Warmolts*, for respondent.

IN PROHIBITION
ON RESPONDENT'S MOTION TO DISMISS

{¶ 5} Relator, 1298 Atcheson ½ LLC, has filed a complaint for writ of prohibition against respondent, Judge Bill Sperlazza of the Franklin County Court of Common Pleas. Relator requests that this court dismiss a case pending before respondent and prevent respondent from making further rulings in that case, which allegedly involves a land contract dispute and contempt proceedings. Relator has also filed a motion for preliminary injunction. Respondent has filed a motion to dismiss for failure to state a claim upon which relief can be granted. For the following reasons, the magistrate recommends that the motion for preliminary injunction should be denied, the motion to dismiss should be granted, and the complaint should be dismissed.

## I. Findings of Fact

{¶ 6}  1.  Relator filed a complaint for writ of prohibition in this court on June 3, 2025.

{¶ 7}  2.  In the complaint, relator puts forth allegations pertaining to a case pending before respondent. According to relator, this underlying case, which is identified as Franklin C.P. No. 22CV7777, involves "a land contract dispute" under R.C. Chapter 5313. (Compl. at 2.)

{¶ 8}  3.  The complaint contains seemingly conflicting statements regarding the parties in this and the underlying case. Relator states that "Respondent is the Defendant" in Franklin C.P. No. 22CV7777. (Compl. at 2.) Relator also states that "James Lyles filed a land contract with the recorder and submitted the same to the Court of Common Pleas to prosecute and perfect his interest as a vendee of said contract." *Id*. Relator lists the caption for Franklin C.P. No. 22CV7777 as "James Lyles v. 1298 Atcheson ½ LLC." *Id*.

{¶ 9}  With regard to the instant matter, relator lists 1298 Atcheson ½ LLC as the relator in the case caption and, in the body of the complaint, identifies the same entity as the petitioner in this case. However, later in the complaint, relator refers to "Albert Simmons" and states that "[h]e is . . . the Relator in this action." (Compl. at 3.) In an affidavit submitted by relator alongside the complaint, the following statement is made: "Albert Simmons, after first being duly sworn and upon personal knowledge and belief, state the following: 1. I am the relator for this Writ of Prohibition."  (June 3, 2025 Aff. at 1.)  Below the signature on the affidavit, the following appears:

> 1298 Atcheson ½ LLC
> RELATOR,
> By Albert Simmons, Member

(June 3, 2025 Aff. at 2.)

{¶ 10} 4.  At issue in the underlying case, according to relator, is a dispute over the authenticity of a document submitted as part of the case by James Lyles. Relator alleges that it "denied signing the document" in question or meeting the notary involved. (Compl. at 2.) Relator alleges that respondent "authorized the Plaintiff to amend its pleading" and that the "amended pleading contained the same fraudulent document." (Compl. at 3.)

{¶ 11} 5.  Following the submission of the amended pleading in the underlying matter, relator alleges that it moved the court to strike the pleading. According to relator,

respondent denied the motion to strike as "the notary's testimony is only one piece of evidence that the document is fraudulent." (Compl. at 3.) Relator alleges that there remained pending before respondent competing motions for summary judgment.

{¶ 12} 6. Relator alleges that respondent "has ordered the Relator to produce documents it has sworn that it does not possess and ordered the Relator to show cause as to why it should not hold the Relator in contempt of court for not producing those documents." (Compl. at 3.) Relator asserts: "Incarceration is also a possibility upon a finding of contempt for failure to obey the court's order for discovery. For that there is no remedy at law." *Id.*

{¶ 13} 7. Relator further asserts in the complaint that the "trial court is issuing orders and enforcing those orders upon a document that is shown to be false, yet the court suggests that the notaries [sic] testimony is only one piece of evidence that the document is fraudulent." (Compl. at 4.) Relator states: "The court is abetting a fraud upon the court, which is both in appropriate and unjuts." (Sic passim.) *Id.*

{¶ 14} 8. Relator requests the following relief in the complaint: "The relator moves this court to dismiss the plaintiff's the underlying complaint before this court for scandalous matter and forbid the Respondent from making any further rulings in its prosecution." (Sic passim.) (*Id.* at 4.)

{¶ 15} 9. On June 3, 2025, the same day the complaint was filed, relator filed a motion for preliminary injunction.

{¶ 16} 10. Also on June 3, 2025, relator filed a number of documents that purportedly pertain to Franklin C.P. No. 22CV7777, including: a transcript of a deposition, the amended complaint of James Lyles, an order of reference and notice of hearing issued by respondent, and entry denying a motion to strike issued by respondent.

{¶ 17} 11. On June 25, 2025, Respondent filed a motion to dismiss relator's complaint in prohibition pursuant to Civ.R. 12(B)(6). Respondent also asserted that relator is not entitled to a preliminary injunction.

{¶ 18} 12. Relator filed a memorandum contra respondent's motion to dismiss on July 9, 2025. Relator attached to the memorandum several documents which purportedly reflect a deposition and a land contract involving relator and James Lyles. In the memorandum, relator states it is the defendant in the underlying case. Relator states that

it moved respondent to strike the amended complaint in the underlying case "as scandalous, based upon the same fraudulent document." (July 9, 2025 Memo Contra at 2.) According to relator, the motion to strike was denied and "the Order for Hearing on Contempt was set." *Id.* Relator states that respondent "found that there was insufficient evidence that the document was fraudulent, as the only evidence presented is the notary's testimony." *Id.* Relator states the following:

> The Plaintiff is committing a "fraud upon the court" by creating this document and prosecuting it. The court is sanctioning fraud by refusing to strike the document and refusing to acknowledge it as fraud. The presentation of orders by the court in the Writ is an example of the irreparable harm to the Relator as a result of Respondent's abetting the fraud. Abetting is strong language, but when a trial court allows the prosecution of a document known to be fraudulent, it calls for strong language.

*Id.* Relator asserted that "[t]he underlying matter arises from the actions of the Respondent in abetting the prosecution of the fraudulent document, is exercising judicial power in excess of the court's jurisdiction." *Id.* at 3. Relator further argued:

> Not only is it incumbent upon the court to discourage fraud upon the court with sanctions and dismissals, but all orders stemming from it become "fruit of the poisonous tree". Though this doctrine is not applied in Civil Law, it is no less, illegally obtained evidence. No good thing can come from it. The rewards are ill suited. The Respondent knows it yet seeks to look the other way with zeal. Such conduct is extrajudicial.

*Id.* at 4.

{¶ 19} 13.  Respondent filed a reply in support of the motion to dismiss on July 21, 2025.

## II. Discussion and Conclusions of Law

{¶ 20} Respondent has filed a motion to dismiss relator's complaint pursuant to Civ.R. 12(B)(6) for failure to state a claim upon which relief can be granted.

## A. Review of a Motion to Dismiss Under Civ.R. 12(B)(6)

{¶ 21} A motion to dismiss for failure to state a claim pursuant to Civ.R. 12(B)(6) is procedural and tests the sufficiency of the petition or complaint itself and any attached documents. *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 1992-Ohio-73, 65

Ohio St.3d 545, 548, citing *Assn. for the Defense of the Washington Local School Dist. v. Kiger*, 42 Ohio St.3d 116, 117 (1989). Attachments to the complaint are considered part of the complaint for all purposes. Civ.R. 10(C). Generally, in ruling on a Civ.R. 12(B)(6) motion, a court " 'cannot resort to evidence outside the complaint to support dismissal [except] where certain written instruments are attached to the complaint.' " *Brisk v. Draf Indus.*, 2012-Ohio-1311, ¶ 10 (10th Dist.), quoting *Park v. Acierno*, 2005-Ohio-1332, ¶ 29 (7th Dist.).

{¶ 22} "Before the court may dismiss the complaint, it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling the plaintiff to recovery." *Jones v. Dann*, 2009-Ohio-5976, ¶ 9 (10th Dist.), citing *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242 (1975), syllabus. A court must presume all factual allegations contained in the complaint to be true and make all reasonable inferences in favor of the nonmoving party. *Red Foot Racing Stables v. Polhamus*, 2020-Ohio-592, ¶ 11 (10th Dist.), citing *State ex rel. Turner v. Houk*, 2007-Ohio-814, ¶ 5. Provided there is a set of facts, consistent with the complaint, under which the complaining party could recover, a court may not grant a motion to dismiss for failure to state a claim. *Prime Invests., LLC v. Altimate Care, LLC*, 2022-Ohio-1181, ¶ 23 (10th Dist.), citing *York v. Ohio State Hwy. Patrol*, 60 Ohio St.3d 143, 145 (1991). However, a court need not accept as true any unsupported and conclusory legal propositions presented in the complaint. *Bullard v. McDonald's*, 2021-Ohio-1505, ¶ 11, citing *Morrow v. Reminger & Reminger Co. LPA*, 2009-Ohio-2665, ¶ 7 (10th Dist.).

**B. Prohibition**

{¶ 23} The Ohio Constitution grants this court original jurisdiction in prohibition. Ohio Const., art. IV, § 3(B)(1)(d). *See State ex rel. Davic v. Franklin Cty. Court of Common Pleas*, 2023-Ohio-1195, ¶ 8. A writ of prohibition is an extraordinary remedy issuing from a court of superior jurisdiction that commands an inferior tribunal to cease abusing or usurping judicial functions. *State ex rel. Roush v. Montgomery*, 2018-Ohio-2098, ¶ 22 (10th Dist.). *See State ex rel. Tubbs Jones v. Suster*, 1998-Ohio-275, ¶ 5 (stating that "the purpose of a writ of prohibition is to restrain inferior courts and tribunals from exceeding their jurisdiction").

{¶ 24} To be entitled to the requested writ of prohibition, relator must establish

that (1) respondent is about to exercise or have exercised judicial or quasi-judicial power, (2) the exercise of that power is unauthorized by law, and (3) denying the writ would result in injury for which no other adequate remedy exists in the ordinary course of the law. *State ex rel. Duke Energy Ohio, Inc. v. Hamilton Cty. Court of Common Pleas*, 2010-Ohio-2450, ¶ 16, citing *State ex rel. Cordray v. Marshall*, 2009-Ohio-4986, ¶ 25. A writ of prohibition, as an extraordinary remedy, is "customarily granted with caution and restraint, and is issued only in cases of necessity arising from the inadequacy of other remedies." *State ex rel. Henry v. Britt*, 67 Ohio St.2d 71, 73 (1981).

## C. Analysis

{¶ 25} Initially, it must be said that the allegations in the complaint are somewhat confusing with regard to the identities of the parties in the underlying and present actions. Nevertheless, upon carefully reading the complaint and making all reasonable inferences in favor of relator as the nonmoving party, it seems that relator requests a writ of prohibition that (1) orders the dismissal of the underlying case, which is identified as Franklin C.P. No. 22CV7777, and (2) prevents respondent from making any further rulings in that case.

{¶ 26} Respondent does not dispute the first element of an action in prohibition, i.e., that respondent is about to exercise or has exercised judicial or quasi-judicial power. However, even presuming the factual allegations in the complaint to be true and making all reasonable inferences in favor of relator as the nonmoving party, relator cannot establish either of the remaining elements necessary for a writ of prohibition to issue.

{¶ 27} With regard to the second element, relator cannot demonstrate that respondent is exercising power unauthorized by law. As the Supreme Court of Ohio has explained, "with few exceptions, a writ of prohibition tests and determines solely and only the subject matter jurisdiction of the lower court." (Quotations and citations omitted.) *State ex rel. Thomas v. McGinty*, 2020-Ohio-5452, ¶ 26. "A court's subject-matter jurisdiction 'connotes the power to hear and decide a case upon its merits.' " *State ex rel. Novak, L.L.P. v. Ambrose*, 2019-Ohio-1329, ¶ 10, quoting *Morrison v. Steiner*, 32 Ohio St.2d 86 (1972), paragraph one of the syllabus.

{¶ 28} Relator cannot establish that respondent, as the judge of a common pleas court, lacks subject-matter jurisdiction over the underlying case, which, according to

relator, involves a land contract dispute and contempt proceedings. Under Article IV, Section 4(B) of the Ohio Constitution, courts of common pleas possess "such original jurisdiction over all justiciable matters . . . as may be provided by law." It is well-established that "common pleas courts have general original subject-matter jurisdiction over civil actions, including breach-of-contract actions." *Novak* at ¶ 11, citing R.C. 2305.01. Further, it has been recognized that a common pleas court "undisputedly has general subject-matter jurisdiction over land installment contract actions." *State ex rel. Invesco Mgmt. Co. LLC v. Geauga Cty. Court of Common Pleas*, 2012-Ohio-4651, ¶ 21 (11th Dist.).

{¶ 29} Moreover, relator does not allege that respondent, as a judge of a common pleas court, lacks subject-matter jurisdiction over the underlying case. Rather, relator's assertions regarding the underlying case challenge only respondent's exercise of jurisdiction, not the existence of subject-matter jurisdiction. *See Thomas* at ¶ 26. But "[p]rohibition will not lie to prevent an anticipated erroneous judgment." *Tubbs Jones*, 1998-Ohio-275, at ¶ 6. Furthermore, a court with general subject-matter jurisdiction possesses authority to determine its own jurisdiction, unless it patently and unambiguous lacks jurisdiction. *State ex rel. Welt v. Doherty*, 2021-Ohio-3124, ¶ 20; *Invesco* at ¶ 21.

{¶ 30} As to relator's allegations of possible contempt sanctions, relator is not challenging respondent's subject-matter jurisdiction to adjudicate contempt proceedings. Nor could relator as respondent "has both the statutory authority under R.C. 2705.02(A) and the inherent power to punish the disobedience of its orders in contempt proceedings." *State ex rel. Simpson v. Melnick*, 2023-Ohio-3864, ¶ 6. Instead of a challenge to respondent's subject-matter jurisdiction, relator argues that respondent has ordered relator to produce documents it has sworn it does not possess and ordered relator to show cause as to why it should not be held in contempt for not producing those documents. As relator's arguments pertain to the exercise—not the existence—of respondent's jurisdiction, prohibition will not lie. *See id.*

{¶ 31} With regard to the third element, relator cannot establish that denying the writ would result in an injury for which there is no adequate remedy at law. Whatever determination is reached by respondent in the underlying action, relator has a remedy in the ordinary course of law through appeal. Relator may appeal from an adverse ruling in

a final order on the land contract dispute. *See Invesco*, 2012-Ohio-4651, at ¶ 22; *State ex rel. Huntington Natl. Bank v. Kontos*, 2015-Ohio-5190, ¶ 19 ("A court having general subject-matter jurisdiction can determine its own jurisdiction, and a party contesting that jurisdiction has an adequate remedy by way of appeal."). The same is true with respect to the contempt proceedings. In the absence of a patent and unambiguous lack of jurisdiction, relator also "has an adequate remedy via an appeal from any adverse judgment in the contempt proceeding." *State ex rel. Wellington v. Kobly*, 2006-Ohio-6571, ¶ 29. *See State ex rel. Mancino v. Campbell*, 66 Ohio St.3d 217, 220 (1993) (stating that "appealing a contempt order is an adequate remedy at law which will result in denial of the writ"). Merely because "an appeal would not afford instant relief, as a writ would, does not render the right of appeal an inadequate remedy." *Roush*, 2018-Ohio-2098, at ¶ 7 (finding an adequate remedy at law because a party could "adequately represent his rights in those [underlying] proceedings and appeal any adverse decision"). *Id*.

{¶ 32} Nevertheless, regardless of the ultimate availability of an appeal, where a relator can show that a respondent " 'patently and unambiguously' lack[s] jurisdiction," the relator can satisfy the second and third elements of a prohibition claim. *State ex rel. Huntington Natl. Bank v. Kontos*, 2015-Ohio-5190, ¶ 16. *See State ex rel. Gideon v. Page*, 2024-Ohio-4867, ¶ 12 (stating that if the responding judge "patently and unambiguously lacks jurisdiction," then the relator "need not establish the lack of an adequate remedy at law"). However, from the allegations in relator's complaint, relator cannot show that respondent patently and unambiguously lacks jurisdiction over the land contract dispute or the contempt proceedings. To the contrary, as explained above, the trial court in the underlying matter is vested with jurisdiction over these matters. *See Novak*, 2019-Ohio-1329, at ¶ 11; *Invesco*, 2012-Ohio-4651, at ¶ 21; *Simpson* at ¶ 6. In sum, presuming all factual allegations contained in the complaint to be true and making all reasonable inferences in favor of relator, relator cannot establish that respondent patently and unambiguously lacks jurisdiction in the underlying matter.

{¶ 33} Next, in addition to seeking to forbid respondent from making any further rulings in the underlying case, relator moves this court to "dismiss *the plaintiff's* **the underlying complaint before this court** for scandalous matter." (Emphasis added.) (Compl. at 4.) The magistrate presumes relator is requesting that this court dismiss the

complaint in the underlying case before respondent, as opposed to the complaint in the instant matter before this court, since, after all, relator could have voluntarily dismissed its own complaint before this court. *See* Civ.R. 41(A). However, even if it was possible to grant such relief in prohibition, it would not be appropriate here because relator cannot establish the elements necessary to be entitled to relief in prohibition. *See generally State ex rel. Ellis v. Ohio Adult Parole Auth.*, 2025-Ohio-1625, ¶ 15 (stating that the writ of prohibition "typically prohibits or prevents a judicial or quasi-judicial body from acting beyond the jurisdiction the law has given it").

{¶ 34} Finally, relator's motion for preliminary injunction must be denied. In the motion, relator "moves this court to enjoin the defendants from further acts taken as a result of the in prosecution of the fraudulent document filed with the court." (Sic passim.) (Relator's Mot. for Prelim. Inj. at 1.) A prohibitory injunction serves to prevent future injury, whereas a mandatory injunction serves to remedy a prior injury. *See State ex rel. GMC v. Indus. Comm.*, 2008-Ohio-1593, ¶ 12 ("A prohibitory injunction preserves the status quo by enjoining a defendant from performing the challenged acts in the future."); *State ex rel. Gadell-Newton v. Husted*, 2018-Ohio-1854, ¶ 10. Because relator's motion seeks to prevent actions from being taken that would allegedly cause future harm, relator's motion seeks relief in the form of a prohibitory injunction. However, neither the Supreme Court of Ohio nor an Ohio court of appeals possesses original jurisdiction to grant prohibitory injunctions. *See State ex rel. Williams v. Trim*, 2015-Ohio-3372, ¶ 12; *State ex rel. Crabtree v. Franklin Cty. Bd. of Health*, 1997-Ohio-274, ¶ 6. Because this court lacks jurisdiction to consider a request for a prohibitory injunction, relator's motion for a preliminary injunction must be denied. *See State ex rel. Esarco v. Youngstown City Council*, 2007-Ohio-5699, ¶ 12.

## D. Conclusion

{¶ 35} Presuming all factual allegations contained in the complaint to be true and making all reasonable inferences in favor of relator as the nonmoving party, it is beyond doubt from the complaint that relator can prove no set of facts entitling it to relief in prohibition. Furthermore, this court lacks jurisdiction over requests for a prohibitory injunction, as sought by relator in the motion for preliminary injunction. Accordingly, it is the decision and recommendation of the magistrate that relator's motion for

preliminary injunction should be denied, respondent's motion to dismiss should be granted, and relator's complaint should be dismissed.

/S/ MAGISTRATE
JOSEPH E. WENGER IV

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b). A party may file written objections to the magistrate's decision within fourteen days of the filing of the decision.